### WILLIAM D. RICHARDSON V. THE STATE.

*No. 481.   Decided June 29.*

1.   **Defendant as a Witness—Impeachment of.**—Whilst it is admissible, as affecting the credit of a defendant as a witness, to prove by him that he has been charged with or convicted of other crimes, it is error to permit him to be impeached as to credibility by asking, and requiring him to state, that he had been previously convicted of the offense for which he was again on trial.

2.   **Same—Former Trial Not to be Alluded to.**—Where a defendant has once been convicted and awarded a new trial, counsel for the prosecution is expressly inhibited, by article 783 of the Code of Criminal Procedure, from alluding to that fact on the subsequent trial. *Held,* a fortiori, that evidence as to such fact is also inadmissible testimony.

3.   **Same—Failure of Defendant to Testify Not to be Alluded to in Argument of Counsel.**—The statute, article 730, Code of Criminal Procedure (Acts 1889, p. 37), expressly provides, that the failure of a defendant to testify shall not be alluded to or commented on by counsel in the case. *Held,* that this inhibition is not limited or restricted to the pending trial, but is broad enough to embrace, and does embrace, his failure to testify in any former trial of the case.

APPEAL from the District Court of Callahan.   Tried below before Hon. T. H. CONNOR.

This is the second appeal in this case.   Richardson v. The State, 32 Texas Crim. Rep., 524.   The conviction at each trial was for murder in the second degree, with penalty assessed at five years' imprisonment in the penitentiary.

The case is sufficiently stated on former appeal, 32 Texas Criminal Reports, 524.

No briefs found with the record.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for murder of the second degree. The contest upon the trial was whether the fatal shot was intentionally or accidentally fired, there being evidence supporting both theories with great cogency.

Appellant was a witness on the last trial, but was not on either of the former trials. Counsel for the State proved by appellant that "he had been twice convicted in this case," counsel for appellant objecting. The learned judge held this matter competent for the purpose of impeaching the credit of appellant, he being a witness. We have held, and still hold, that the State can prove by appellant that he had been charged or convicted of other crimes. This character of testimony must be used only for the purpose of affecting his credibility. But we have not held, and will not hold, that the accused can be asked and made to state that he had been convicted of the charge then on trial. If the fact that the accused had been convicted for the crime then under investigation be admissible in evidence, counsel for the State would evidently have the right to allude to it in his argument. On the other hand, if counsel is not permitted to, is absolutely inhibited from, alluding to the fact that the defendant had been convicted (Code of Criminal Procedure, article 783), with much greater reason would such evidence or fact be inadmissible testimony. The former conviction of appellant being inadmissible for any purpose, the court, by limiting this evidence to the purpose of impeaching the credibility of defendant, he being a witness, did not cure the error committed in admitting it. The district attorney in his argument to the jury said: "Gentlemen of the jury, the defendant has been called to answer the charge against him before thirty-six of the citizens of this county, and twenty-four of them have said that he was guilty, and decided against him." Well, our statute (Code of Criminal Procedure, article 783), expressly declares the former conviction shall not be alluded to in the argument. Appellant being on the stand, the State, over his objection, proved by him that there had been two former trials, and that appellant had not been a witness in either of those trials, and counsel for the State alluded to the fact that he had not testified on the former trials. The act giving the defendant a right to be a witness in his own behalf expressly provides, that the failure of defendant to testify shall not be alluded to or commented on by counsel in the case. The question is, does the statute refer to the failure to testify on the pending trial, or does it prohibit counsel from alluding to or commenting on the failure of defendant to testify on the former as well as the present trial? The defendant has the right to testify or not, as he chooses. Whether he does or does not is no concern of the State, or of any person except himself. The statute is broad, and does not confine the inhibition to com-

menting on or alluding to the failure to testify on the pending trial. The reasons for the inhibition are as cogent in the one case as the other, and we are of opinion that the statute covers both.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.