## PETE CHRISTIAN v. THE STATE.

### No. 2995. Decided March 25, 1904.

**1—Charge of the Court—Manslaughter.**

In a charge on manslaughter the court used the word "rational" instead of the word "reasonable," which first term was more favorable to appellant than the second; he can not therefore complain.

**2.—Same—Self-Defense.**

The sentence, "Unless you further believe from the evidence that the killing was done in a mutual combat between the defendant and deceased as hereinafter charged upon," is a bare reference by the court to a subsequent portion of the charge, and was not calculated to lead the minds of the jury from the court's charge on self-defense in the same paragraph. Distinguishing Vann v. State, 77 S. W. Rep., 813, 45 Texas Crim. Rep., 434; Drake v. State, Id., 7, 45 Texas Crim. Rep., 273.

**3.—Same—Mutual Combat**

Where the facts, as in this case, raise the issue of mutual combat, the court should charge the law applicable thereto, and instruct the jury that the defendant must voluntarily and willingly enter into the fight, and also the converse of the proposition, that is, if defendant did not so enter into the combat that his right of self-defense is not forfeited.

**4.—Evidence—Clothes of Deceased.**

Unless the clothes of the deceased may illustrate and make pertinent some phase of the evidence relied upon by the State for a conviction, they should not be used or exhibited before the jury for the mere purpose of inflaming their minds.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The principal State's witness and half brother of deceased testified that they were on their way to a religious meeting and happened to meet defendant; all parties were horseback. Deceased said to defendant, "Hello!" to which defendant replied with a "Hello!" Deceased then addressed defendant thus: "Pete, what have you been telling it around over the country that I cursed you for?" To which defendant replied with a sort of grin, "Well, you did." The deceased then said, "Well, get down; we had as well settle it here." They both dismounted and faced each other. When defendant first got off his horse he drew from his bosom a large knife; the defendant had on an ordinary jumper or working jacket. Witness did not know whether defendant got the knife out of his pocket; he put his hand in his bosom and drew out the knife. The blade looked to be five or six inches long and had a guard or cross piece where the blade and handle join. Did not know whether it had two edges. When defendant drew his knife he and deceased were facing each other and within a few feet and deceased then said: "I have seen them things before," and turned and walked across the road in a northwesterly direction. The defendant followed close behind the deceased with the knife in his hand, but did not at that time try to cut or strike deceased. Deceased went across the road about twenty feet to the fence and picked up a large stick from the fence and turned round

facing the defendant and struck defendant with it, and at or about the same time defendant struck and cut deceased with the knife; they struck about the same time. Then defendant cut deceased several times and the latter fell and soon expired.

There was some evidence of a former quarrel about a rake, but nothing to show a premeditated meeting. Deceased had no weapon on his person except a small pocketknife closed in his pocket.

Defendant admitted that the parties met as above stated, but testified that the deceased got down from his horse, got the stick and made an attack upon him, joined by his half brother, and that after some fighting defendant dismounted and drew his pocketknife and defended himself, but did not know whether he killed deceased, etc.

*R. E. Carswell* and *T. J. McMurray,* for appellant.—The charge upon mutual combat was an error demanding a reversal. Everett's case, 30 Texas Crim. App., 682; Walden's case, 34 Texas Crim. Rep., 92; Manis case, 21 S. W. Rep., 667; Shannon's case, 35 Texas Crim. Rep., 2; Red's case, 39 Texas Crim. Rep., 414; Kelly's case, 27 Texas Crim. App., 562; Hargrove case, 33 Texas Crim. Rep., 431; Rosborough case, 21 Texas Crim. App., 672; Walter's case, 37 Texas Crim. Rep., 388.

The charge upon self-defense should not have been trammeled or qualified. The defendant was entitled to a clear, explicit charge, without reference to any other charge. Winter's case, 37 Texas Crim. Rep., 582; Morrison's case, 37 Texas Crim. Rep., 601; Wrage case, 41 Texas Crim. Rep., 369; Manis case, 41 Texas Crim. Rep., 614; Jones case, 71 S. W. Rep., 962; Thornton's case, 65 S. W. Rep., 1105; Babb's case, 8 Texas Crim. App., 173.

Where there is no controversy upon a point, there is no issue and no necessity for proof upon that point. There being no issue as to the cutting in this case, how could there be a necessity for proof by the introduction of the clothes or hat? McGuire v. State, 10 Texas Crim. App., 127.

The court fell into grievous error in its charge, because said charge in the last clause entangled defendant's rights of self-defense with the charge on mutual combat, and thus led the minds of the jury off from the defendant's right of self-defense, and the said charge completely neutralized the charge upon self-defense, and caused the jury to think that the court thought there was no self-defense in the case.

The court charged the jury upon defendant's right of self defense, and closed with the following peroration: "Unless you further believe, from the evidence, that the killing was done in a mutual combat between the defendant and Luke Sturdevant, as hereinafter charged." Winters v. State, 37 Tex. Crim. Rep., 582; Morrison v. State, 37 Texas Crim. Rep., 607; Thornton v. State, 65 S. W. Rep., 1105; Morris v. State, 41 Texas Crim. Rep., 614.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for two years and six months.

Appellant complains of the following portion of the charge of the court: "If you believe from the evidence beyond a reasonable doubt that defendant with a deadly weapon, or instrument reasonably calculated and likely to produce death, by the mode and manner of its use, in a sudden transport of passion aroused by adequate cause, as the same is herein explained, and not in defense of himself againsr an unlawful attack reasonably producing a rational fear or expectation of death or serious bodily injury," etc., you will find defendant guilty of manslaughter. We do not think the word "rational" complained of by appellant is more onerous upon him than the word "reasonable" would be. In fact the word "rational" in the connection here used is more favorable to appellant than the word "reasonable." A fear might be rational and not reasonable. However, we note in a subsequent portion of the charge that the court in a very admirable way submits the issue of self-defense to the jury, charging that if he had a reasonable doubt, etc. After charging on self-defense, the court adds the following clause: "unless you further believe from the evidence that the killing was done in a mutual combat between the defendant and Luke Sturdevant, as hereinafter charged upon." Appellant insists that this charge is erroneous, and cites us to Vann v. State, 77 S. W. Rep., 813, 45 Texas Crim. Rep., 434, and Drake v. State, 77 S. W. Rep., 7, 45 Texas Crim. Rep., 273. We do not believe the authorities go to the extent that appellant here insists upon. We hold that this clause is a bare reference by the court to a subsequent portion of the charge which the jury should revert to in passing upon the state of facts then under consideration.

Appellant excepted to the twenty-seventh paragraph of the charge of the court, which is as follows: "If you believe that defendant did kill Luke Sturdevant, and if you believe that a short time before the killing defendant and Sturdevant had some trouble, and if you believe that at the time of the killing defendant and Luke Sturdevant met in the road on horseback, and if you believe beyond a reasonable doubt from the evidence that after some words they mutually dismounted for the purpose on the part of both of fighting, and if you believe that after so dismounting they mutually entered into a fight, then if you so believe you are charged that the law of self-defense would not apply, and a killing under such circumstances would be either murder or manslaughter owing to the other facts of the case; no matter to what extent he may have been reduced in the combat, and no matter which party struck the first blow or used the first violence." Appellant insists that the evidence does not support a charge upon mutual combat. The theory of the State was that appellant and deceased met in the road, and after

some words mutually agreed to fight, each getting off of his horse; and that they voluntarily thereafter entered into a combat. We think the evidence sharply suggested this issue. Appellant insists even if the evidence raised the issue of mutual combat, the court erred in not telling the jury that defendant must voluntarily and willingly enter into the fight.. In view of another trial we suggest that the charge be made more explicit upon this proposition. In other particulars the charge is correct. Appellant further insists that the charge of the court is incorrect in that the converse of the proposition contained in the above charge was not presented to the jury; that is, if he did not dismount for the purpose and did not voluntarily engage in the combat, then his right of self-defense would not be compromitted. In our opinion such a charge should have been given. Where evidence raises the issue of mutual combat, and there is evidence controverting this issue, it is proper and necessary for the court to charge on both phases; that is, tell the jury in substance, if the party entered into the combat voluntarily, his right of self-defense would be forfeited, and then again, tell the jury if he did not enter into the combat voluntarily, his right of self-defense would not be forfeited. The statute requires the court to charge upon every phase of the law applicable to the facts of the case. This phase of the law is applicable to the defense.

The only other question that we deem necessary to discuss is the bill of exceptions complaining of the use of the clothes of deceased upon the trial. Appellant's bill is not as explicit as it might be. However, we have heretofore held in Cole v. State, 75 S. W. Rep., 528, if the clothes do not illustrate and make pertinent some phase of the evidence relied upon by the State for a conviction, it is not proper to use the clothes for the mere purpose of inflaming the minds of the jury. Upon another trial, unless the clothes throw some light upon some controverted question or strengthen some phase of the State's case, it would not be proper to permit their introduction in evidence.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*