### Tom Porch v. The State.

No. 3832. Decided February 13, 1907.

**1.—Theft of Hog—Statutes Construed—Examining Trial—Waiver.**

Under article 338, Code Criminal Procedure, the accused may waive a trial and consent for the magistrate to require bail of him; but the examining court may, nevertheless, examine the witnesses and transfer the testimony to the clerk of the proper court; and such testimony is admissible on final trial, if the witness be dead.

**2.—Testimony at Examining Trial—Justice of the Peace—Constitutional Law.**

Where upon trial for the theft of a hog, the State introduced in evidence the written testimony of a witness taken before a magistrate in an examining trial, in the presence of defendant (who was accorded opportunity to cross-examine witness), after he had waived examination; said witness having since died, and which testimony proved up the theft; and was of an admissible character before said justice, the objection to said testimony by defendant upon trial in the district court, on the ground that the same was inadmissible because the witness did not confront him on trial, was untenable.

**3.—Same—Constitutional Law—Confronting of Witness—Judicial Construction.**

Where the rule of construction under former State Constitutions supported the conclusion that where the defendant had been once confronted with the witnesses and had a chance of examining them, that thereafter the testimony taken down in an examining trial could be used upon the subsequent trial in chief against the defendant, where the witness was dead or absent from the State, then the present Constitution must necessarily be held to have been adopted with the judicial construction theretofore placed upon this clause in said previous Constitutions. Overruling Cline v. State, 36 Texas Crim. Rep., 320. Davidson, Presiding Judge, dissenting.

**4.—Same—Declaration of Witnesses Out of Court—Animus—Absence of Defendant.**

Upon trial for the theft of a hog, there was no error in admitting in evidence the declarations of witnesses to show their bias, prejudice or favoritism, although not made in the presence of defendant and out of court.

Appeal from the District Court of Mason. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of theft of a hog; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Dalrymple,* for appellant.—Cited Cline v. State, 36 Texas Crim. Rep., 320.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of hog theft, and his punishment assessed at three years confinement in the penitentiary.

Upon the trial of this case the State introduced William Wilkinson, the Justice of the Peace in and for Precinct number 1 of Mason County, Texas, who testified that defendant Tom Porch was arraigned before him charged with the theft of a hog from one William Lehmann, and that said charge against the defendant was based upon a complaint made by one Tim Nard; that said Nard appeared as a witness in said proceedings, and his testimony was taken and reduced to writing and the defendant was present during the time the testimony of the said Nard was being taken and was accorded an opportunity of cross-examining said Tim Nard, and the defendant at the time it was offered objected to said testimony for the reason that the record of said Justice of the Peace was the best evidence of all proceedings had before him sitting as a magistrate, and that such proceedings could not be proven up orally by the witness. This bill is approved with this explanation: "That no contents of docket were introduced, but merely the fact that Tim Nard confronted defendant as a witness at said trial and testified."

Bill of exceptions number 2 shows that J. W. Nard testified that he had known Tim Nard in his lifetime, and that said Nard died at Loyal Valley in Mason County, Texas, on the night of the 24th day of January, and after proving by William Wilkinson that he was the Justice of the Peace for Precinct No. 1 of Mason County, Texas, on December 7, 1904, and that on said date the said Tom Porch was arraigned before him, the said Wilkinson, sitting as magistrate, upon the charge of the theft of a hog from one William Lehmann, that said Tim Nard appeared as a witness in said proceedings, and that said Tim Nard's testimony was taken and written down by said magistrate in said proceedings; said Wilkinson identified said Tim Nard's written testimony so taken down by him in said proceedings. The witness testified that the defendant Tom Porch was present all the time during the taking of said Tim Nard's testimony, and that said defendant was accorded an opportunity of cross-examining said Nard. The witness Wilkinson also testified that the defendant Tom Porch had appeared before him upon said charge of hog theft, and waived examination thereon before said Tim Nard's testimony had been so taken and reduced to writing. The State then introduced in evidence said written

testimony of said Tim Nard, taken before said magistrate. Then the bill of exceptions follows, giving in detail the exact testimony given by said Nard before said magistrate sitting in an examining court which, in substance shows, that the witness Nard testified that appellant killed a hog in a certain pasture, which hog belonged to the witness Lehmann, and after said testimony the certificate of the Justice of the Peace named was introduced, the said certificate being upon a separate piece of paper, but the bills show by the judge's qualification that the certificate was identified as being part and parcel of the examining trial paper. The bill also shows that the Justice of the Peace in the examining trial papers [certified] to all the facts above testified to by him, to wit: that appellant appeared before him, and he had a right to cross-examine the said witness and was offered an opportunity to cross-examine him. Appellant objected to the introduction of this testimony for the following reasons:

1. For the reason that said testimony was taken and reduced to writing by said magistrate after the defendant had waived an examining trial as he was authorized to do under the law.

2. For the reason that the introduction of said written testimony was in contravention of the 10th section of the Bill of Rights of the Constitution of the State of Texas, wherein said Bill of Rights guarantees that every accused person shall be confronted with the witness against him.

3. For the reason that said written testimony was not taken and reduced to writing in a regular examining trial, as is contemplated by title 5, chapter 3, article 288 of the Revised Code of Criminal Procedure of the State of Texas, authorizing the testimony of witnesses to be taken and reduced to writing in examining trials, but was taken and written down by said magistrate after the defendant had appeared before him and waived the examination under authority of title 5, chapter 4, article 338, of said Code of Criminal Procedure.

4. For the reason that the introduction of said written testimony was violative of the 6th Amendment of the Constitution of the United States, in that said 6th Amendment says that every accused person shall be confronted with the witnesses against him when he is on trial charged with any offense.

5. For the reason that said testimony was not certified to by said magistrate as required by law.

6. For the reason that there was no predicate laid for the introduction of said testimony in that there was no record introduced showing that the defendant ever had an examining trial before such magistrate, and because the certificate introduced by the State was upon a detached sheet of paper and the evidence showed no connection between the said written testimony and said detached sheet of paper, and said magistrate's records had not been introduced showing the holding of such examining trial.

7. For the reason that said testimony was not a succinct statement

of what purported to be the facts, but upon its face contained the con-
clusions of the witness which would be inadmissible if he were person-
ally testifying, and which, therefore, were inadmissible in the form
offered in said written testimony.

The testimony of the witness appears to be altogether according to
the rules of evidence and in no respect is anything pointed out to show its
inadmissibility. Now, taking up the objections in the converse order
stated, we will attempt to answer appellant's contention. Article 338,
Code Criminal Procedure, provides that the accused may waive a trial
and consent for the magistrate to require bail of him, but in such case
the prosecutor or magistrate may cause the witnesses for the State to
be examined as in other cases, and the magistrate shall transmit, with
the other proceedings in the case, to the clerk of the proper court, a
list of the witnesses for the State, whether examined or not, and their
residence, if known. This statute clearly authorizes the examining
court to proceed with the examination even if appellant waives his
right of trial.

The fourth objection is that the introduction of said testimony vio-
lates the 6th amendment of the Constitution of the United States, in
that the 6th amendment says every accused person shall be confronted
with the witnesses against him when he is on trial charged with any
offense. This objection is not tenable since the Supreme Court of the
United States in the case of Mattox v. State, 156 U. S., 237, held that
such a proceeding was not violative of the provisions of the Federal
Constitution. This decision of the Supreme Court of the United
States was approved as late as West v. Louisiana, 194 Supreme Court
Rep., 265, and has never been qualified by said court.

The third objection is that the testimony was not taken and reduced
to writing in a regular examining trial as is contemplated by title 5,
chapter 3, article 288, Revised Code of Criminal Procedure of the
State of Texas, authorizing the testimony of the witnesses to be taken
and reduced to writing in examining trial, but was taken and written
down by said magistrate after the defendant had appeared before him
and waived the examination. This objection is answered as hereto-
fore stated.

Appellant's second insistence is that the 10th section of the Bill of
Rights, which guarantees that the accused shall be confronted with
the witnesses against him in all prosecutions, makes the testimony taken
in examining trials inadmissible. This proposition is supported by a
decision of this court in the case of Cline v. State, 36 Texas Crim.
Rep., 320. But we think that the dissenting opinion and the long
line of authorities of this court, anl almost an unbroken line of de-
cisions of the Supreme Court throughout the American Union, support
the converse conclusion to the opinion of the majority in the Cline
case. All of the constitutions of this State have had a similar clause
to the one now under consideration in them, and under all of said con-
stitutions the testimony taken in an examining trial was admissible

in the trial in chief where the witness was dead or had removed out
of the State.  Therefore, this being the rule under the first constitu-
tion of this State and each succeeding constitution down to the adop-
tion of the present one (all legislative construction), then the present con-
stitution must necessarily be held to have been adopted with the judicial
construction theretofore placed upon this clause in previous constitutions.
We do not deem it necessary.to review all the authorities seriatim on this
question.  Most of them are collated in the dissenting opinion in the
Cline case and we refer to that dissenting opinion for many of the au-
thorities on this question, but it does not contain all the authorities that
support the dissenting opinion, but numerous decisions of all the courts
of last resort throughout the United States have held that if the defend-
ant had been once confronted with the witnesses and had a chance of ex-
amining said witnesses, that thereafter the testimony taken down in
said examining trial can be used upon the subsequent trial in chief
against the defendant where the witness is dead or is absent from the
State.  The record before us shows that the witness is dead.  The
record circumstantially shows that appellant killed the witness in order
to get rid of his testimony in this case.  We, therefore, without a
further tedious discussion of the question, overrule the majority of the
opinion in the Cline case and reaffirm the opinions of this court rendered
prior to the Cline case as the law with reference to this matter.

Appellant objects by various bills of exception to the introduction of
declarations of witnesses made out of the court and not made in the
presence of the defendant.  This testimony, the court says in his quali-
fication to each bill, was admitted for the purpose of showing the ani-
mus, bias and interest of the witness, and was so limited in the charge
to the jury.  Most, if not all the questions, raised by these bills of
exception were passed upon by this court in the case of Tom Porch
against the State decided at the last Tyler Term of this court, and we
do not deem it necessary to review them seriatim, but suffice it to say
that the testimony could not have injured appellant, especially with
the limitation placed thereon by the trial court.  Of course, it is a
well known rule of law that declarations and acts of the witnesses out
of the presence of appellant cannot bind appellant, but this rule has its
qualification.  Declarations of witnesses who testify for the State or
defense which show their bias, prejudice or favoritism, may be intro-
duced for the purpose of showing said bias, prejudice or favoritism.
None of this testimony that we have been able to discover violated this
exception to the general rule, but all of same was introduced for the
purpose above stated.  The evidence in this record conclusively es-
tablishes the guilt of appellant, and finding no error in the record,
the judgment is affirmed.                          *Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I dissent from the
views of the majority in regard to the constitutional provision, which re-

quires that the accused shall be confronted with the witnesses against him. My views have been to a very large extent expressed in Cline's case, 36 Texas Crim. Rep., 320, to which I refer for some of the reasons for my dissent in this case. If time affords, I may file reasons in this case for my dissent, other than those set out in Cline's case.