## CHARLES T. WILSON v. THE STATE.

No. 4045. Decided November 11, 1908.

**Theft of Horse—Evidence—Allusion to Defendant's Failure to Testify—Argument of Counsel—Former Trial.**

Upon trial for theft of a horse, it was error to permit the State to question the defendant on cross-examination whether his testimony was the same on the former trial; and to permit the State's counsel to allude to the fact that the defendant had failed to tesify to an alibi in the former trial, etc. Such practice is inhibited under article 770 Code Criminal Procedure. Following Richardson v. State, 33 Texas Crim. Rep., 518, and other cases.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY. Judge.—This is an appeal prosecuted from the District Court of McLennan County on a conviction for theft of a horse. The trial resulted in a conviction of theft as charged, and the punishment of appellant was assessed at two years confinement in the penitentiary.

There are a number of questions made by appellant, but as the case must be reversed on account of the argument of the county attorney, and as the other matters may not arise on another trial, we deem it unnecessary to discuss them.

The record shows this is the second trial of appellant on this same charge. On this trial appellant became a witness in his own behalf, and on cross-examination, over the protest of appellant, the county attorney asked him if his testimony on this trial was the same as on the former trial. This was objected to because it was inadmissible, irrelevant, immaterial and highly prejudicial to appellant in that it disclosed to the jury the fact that there had been a former trial of said cause, and because the statute inhibits any allusion to or comment on the fact that the defendant failed to take the stand in his own behalf in said cause. Following this objection and in argument, counsel for the State said to the jury that the defendant on a former trial of said case failed to take the stand and swear to the alibi pleaded in said cause; that he failed to take the stand in his own behalf in said former trial; that this defense of alibi was an after-thought of defendant and was a fabrication invented since said trial. These remarks of the county attorney were objected to and the court requested to withdraw same from the jury and to instruct the jury not to consider same, which objections and request were then and there by the court overruled. Both the question asked and the argument made, as complained of, were improper and should not have been allowed. Article 770 of the Code of Criminal Procedure, provides: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." That this applies to comment on the failure of the defendant to testify in a case then on trial has been repeatedly held by us. See Jordan v. State, 29 Texas Crim. App., 595; Reed v. State, 29 Texas Crim. App., 449; Hunt v. State, 26 Texas Crim. App., 149, and in numerous cases since then. It was held in the case of Richardson v. State, 33 Texas Crim. Rep., 518, that the statute above quoted was comprehensive enough in its terms and covered a preceding trial, and that though the defendant might testify in the case then being tried, if the same case had been tried at a former term of the court

and defendant had failed to testify on such trial, that any allusion to his failure would constitute reversible error. A similar decision was rendered in the case of Doors v. State, 40 S. W. Rep., 311. See also Gaines v. State, 53 S. W. Rep., 623.

For the error indicated, the judgment of conviction is set aside and the cause is remanded for another trial.

*Reversed and remanded.*