### Oliver Corley v. State.

#### No. 2011.    Decided March 19, 1913.

**1.—Aggravated Assault—Continuance—Mutual Combat.**

Where it was a serious question whether defendant invited the injured party out of the house or whether he acted in self-defense, he should have been permitted to procure the witnesses who were present at the difficulty.

**2.—Same—Charge of Court—Self-defense—Force.**

Where, under the evidence, the issue of mutual combat and self-defense were presented, defendant's right of self-defense should not have been abridged by a charge on excessive force, as the evidence did not raise this issue.

**3.—Same—Evidence—Bloody Clothing.**

Where the location of the wound was not disputed and that the defendant did the cutting, the court should not have permitted in evidence, the bloody coat which the injured party wore at the time he was cut and permit prosecuting counsel to comment thereon.

Appeal from the County Court of Scurry.    Tried below before the Hon. Fritz R. Smith.

Appeal from a conviction of aggravated assault; penalty, a fine of $40.

The opinion states the case,

*Higgins, Hamilton & Taylor*, for appellant.  On question of the court's charge: Rea v. State, 80 S. W. Rep., 1003; Wenzel v. State, 48 Texas Crim. Rep. E. 25, 90 S. W. Rep., 28; Harris v. State, 36 S. W. Rep., 263; Aycock v. State, 61 Texas Crim. Rep. 9, 133 S. W. Rep., 683; Marsden v. State, 53 Texas Crim. Rep. 458, 110 S. W. Rep., 897.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant prosecuted and convicted of an aggravated assault and his punishment assessed at a fine of forty dollars.

In view of the disposition of the case, we do not deem it necessary to pass on the question of the action of the court in overruling the application for continuance.  However, we will state that as the witnesses named were present at the difficulty, and it was a serious question in the case whether or not appellant invited the injured party out of the house, we are of the opinion the continuance ought to have been granted.  If appellant invited Charley Creighton out of the store to engage in a fight, the difficulty would come under the rules of law applicable to mutual combat, and self-defense would not be presented.  If, however, as contended by him, when Creighton knocked defendant's hat off, he pulled his knife, and at the request of the proprietor of the store, he walked out of the store, and was followed by Creighton, then his right of self-defense would not be abridged.

The court, in his charge on self-defense, instructed the jury that if appellant used more force than was necessary in defending himself, he would not be justified in cutting deceased.  This was duly excepted to and a special charge presented, the failure to give same being also excepted to.  The issue of excessive force was not presented by the evidence, and the court erred in charging thereon.  Under the evidence the issue of mutual combat was presented, and if the jury believed the State's theory, the only question would be whether or not appellant was guilty of an aggravated or simple assault.  The appellant denied inviting Creighton out of the house, but said, when he started out of the house, he was followed by Creighton, who attacked him.  If this is true, his right of self-defense should not be abridged or limited by any charge on excessive force, for there is no evidence raising this issue.

Again, the court permitted Creighton's bloody coat to be introduced in evidence.  That appellant cut Creighton was not a disputed issue; the location of the wound was not questioned, and the clothing would serve no useful purpose in illustrating any issue in the case, and the court erred in admitting the coat in evidence.  This error was further emphasized by the private prosecutor in his closing address, pulling off his own coat and putting on the coat with holes in it, wearing it while addressing the jury.  If on another trial the evidence for

the State is the same as on this trial, and the admission is made by appellant that he made on this trial, the coat should not be admitted.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*