## Ab White v. The State.

### No. 4893.  Decided April 10, 1918.

1.—Assault to Murder—Evidence—Res Gestae—Acts and Declarations of Third Parties.

Where, upon trial of assault to murder, the evidence showed that there was an affray between defendant and his brother on one side and the injured party and his brother on the other, growing out of a sudden quarrel, there was no error in admitting in evidence the entire transaction showing when the acts of the different parties occurred and the time of entering into the fight and the injuries inflicted, as a part of the res gestae.  Following English v. State, 34 Texas Crim. Rep., 190, and other cases.

2.—Same—Evidence—Bloody Clothes—Rule Stated.

Where, upon trial of assault with intent to murder, there was no dispute that the knife wounds inflicted by the brother of defendant on the brother of the party injured, as this testimony was introduced as part of the res gestae, it was error to admit in evidence the coat which the brother of the party injured wore at the time he received these wounds, and to exhibit the same to the jury and point out the places where this coat was cut and the blood on the coat, etc., as such testimony did not illustrate or solve any question in controversy, nor tend to show the intent of defendant, there being no evidence that defendant and his brother were principals in the conflict between defendant the brother of the party injured, and the testimony could only tend to inflame the minds of the jury.  Following Corley v. State, 69 Texas Crim. Rep., 626.

3.—Same—Reproduction of Testimony—Predicate—Absent Witness.

Upon trial of assault with intent to murder, where it appeared that a certain witness had testified at the previous trial of the defendant for this offense, that the latter had made a declaration that he would kill the brother of the party injured, and there was no predicate laid for the reproduction of this testimony, either by showing the death of the absent witness or his removal from the State, such testimony was inadmissible and reversible error.  Following Porch v. State, 51 Texas Crim. Rep., 7, and other cases.

4.—Same—Evidence—Act of Defendant—Silence of Defendant.

Upon trial of assault with intent to murder it was error to permit the State cross-examination of defendant to require him to testify that on a former trial, a certain State's witness, who was absent at the instant trial, gave testimony that defendant declared at the conclusion of the encounter he would kill the brother of the party injured, on the ground that the defendant, having been present at this former trial and having heard such testimony, it was admissible against him, as the rule that, where a statement or remark is made in defendant's presence which calls for a reply his silence will show a confession, is not applicable.  Citing Richardson v. State, 33 Texas Crim. Rep., 518, and other cases.

5.—Same—Rule Stated—Evidence.

It has frequently been held that where the issue of guilt or grade of offense is closely controverted and the punishment fixed is heavy that the admission of illegal evidence calculated to affect the minds of the jury adversely to the defendant, or to enhance the punishment, is reversible error.  Following Wilkerson v. State, 60 Texas Crim. Rep., 388, and other cases.

Appeal from the District Court of Hamilton.  Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*A. R. Eidson,* for appellant.—On question of res gestae: Majors v. State, 58 Texas Crim. Rep., 39, 124 S. W. Rep., 663; Moody v. State, 52 Texas Crim. Rep., 232, 105 S. W. Rep., 1127.

On question of cross-examination of defendant as to his declarations on former trial testified to by absent witness: Berry v. State, 80 Texas Crim. Rep., 87, 188 S. W. Rep., 997; Anderson v. State, 74 Texas Crim. Rep., 621, 170 S. W. Rep., 142.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question that State may show that immediately before, after, or simultaneously with the assault on the injured party, defendant assaulted another person as res gestae: Thompson v. State, 11 Texas Crim. App., 55; Scott v. State, 46 Texas Crim. Rep., 305; Campos v. State, 50 id., 289; Menefee v. State, 50 id., 249; Fay v. State, 52 id., 185; Knight v. State, 55 id., 243; Wilkerson v. State, 31 id., 86; Bennett v. State, 47 id., 52; Nelson v. State, 51 id., 349; Young v. State, 54 id., 417; Lee v. State, 72 Texas Crim. Rep., 237, 162 S. W. Rep., 843; Lamb v. State, 74 Texas Crim. Rep., 301, 168 S. W. Rep., 534; Lamb v. State, 75 Texas Crim. Rep., 75, 169 S. W. Rep., 1158.

On question of res gestae: Lewis v. State, 29 Texas Crim. App., 201; Hobbs v. State, 16 id., 517; Craig v. State, 30 id., 619; Castillo v. State, 31 id., 145; Griffin v. State, 40 id., 312; Rainer v. State, 67 Texas Crim. Rep., 87, 148 S. W. Rep., 735; Davis v. State, 69 Texas Crim. Rep., 420, 154 S. W. Rep., 550; Ward v. State, 70 Texas Crim. Rep., 393, 159 S. W. Rep., 272.

On question of intent: Walters v. State, 37 Texas Crim. Rep., 388; Prescott v. State, 54 id., 481.

On question of bloody clothes with reference to intent of defendant: Hubby v. State, 8 Texas Crim. App., 597; Early v. State, 9 id., 476; King v. State, 13 id., 277; Johnson v. State, 44 Texas Crim. Rep., 332; Canon v. State, 59 id., 398; Peters v. State, 69 Texas Crim. Rep., 561, 155 S. W. Rep., 212.

MORROW, JUDGE.—The indictment and conviction were for assault with intent to murder. A party was in progress at the residence of a brother of appellant. Roscoe Clawson came to the party in a more or less intoxicated condition. While he was standing in or near the door appellant, forcing himself in, according to the State's evidence, pushed him aside, remarking, "Get out of the way or I will run over you." Appellant and his witnesses claim the remark was made in a jocular way, and that appellant's demeanor so indicated, and that later appellant told Clawson he meant no harm by what he had done and said. The State's testimony tends to show that appellant was mad and his manner insulting. He went to the fireplace, taking the poker and pok-

ing the fire.  Roscoe Clawson followed him, complaining in a manner indicating anger, cursed and told appellant he could not run over him. As Roscoe Clawson approached appellant, Archie Clawson also approached and said to Roscoe, "Stay with him.  I am with you."  After some words had passed appellant struck Roscoe two licks with the iron poker, about two and one-half feet long.  Roscoe was knocked down and severely injured, his skull being fractured.  The State's theory and evidence tends to show that at and prior to the striking of the blows that there was no demonstration by Roscoe Clawson to attack appellant, but that he was only engaged in the use of angry words.  Appellant's theory and evidence tends to show that Roscoe Clawson drew his hand out of his pocket and that his manner and words indicated an intention to assault appellant.

After Roscoe Clawson was down, his brother Archie attacked appellant, as he claims, with his fists, and as appellant claims with some instrument, which inflicted a wound on his head, causing bloodshed.  Appellant struck Archie Clawson on the arm with the poker, breaking one of the bones.  During the encounter between Archie Clawson and appellant, the brother of appellant stabbed Archie Clawson in the back several times, after which Archie fell on the bed.  There was testimony that after Archie Clawson fell on the bed appellant struck the bed with the poker, saying, "I will kill you, too."  Appellant disclaimed any intent to kill or seriously injure Roscoe Clawson, and claimed to have acted in the defensive throughout.  The evidence discloses that there were no prior difficulties or grudges, and that the affray grew out of the sudden quarrel.

We are of opinion that the fact that after Roscoe Clawson had received the injuries inflicted upon him by appellant, and after he had fallen down, his brother, Archie Clawson, engaged in an encounter with the appellant, during which encounter appellant's brother entered into the fight and inflicted some stab wounds upon the back of Archie Clawson, was admissible as part of the res gestae.  Wharton's Crim. Ev., p. 122; English v. State, 34 Texas Crim. Rep., 190; Crews v. State, 34 Texas Crim. Rep., 533.

The fact that while appellant and Archie Clawson were engaged in a fight Perry White, appellant's brother, entered into the difficulty and stabbed Archie Clawson, was not disputed.  There was no controversy over the fact, or that he did stab him three times in the back with a knife; that immediately after he was so stabbed Archie Clawson fell on the bed, and the difficulty ceased.

On the trial Archie Clawson was permitted to pull off the coat he was wearing at the time of the encounter, and to exhibit it to the jury and point out the places where his coat was cut, and point out the blood on the coat which resulted from the wounds received.  We think the appellant's complaint of this evidence was well founded.  It is often permissible to introduce in evidence the garments by one who has received injuries, but this occurs only when the evidence thus introduced

serves to illustrate or solve some question in controversy. Branch's Ann. P. C., sec. 1855. That such evidence has a tendency to inflame the minds of the jury is a recognized incident of criminal law. Wigmore on Ev., secs. 1157 and 1806. And it is to be rejected where it aids 'the jury in determining no controverted issue. We quote from Mr. Branch in his Annotated Criminal Procedure, page 1032, as follows:

"If there is no question as to the location of the wounds and their effect and character, bloody clothing should not be exhibited to the jury if its admission and exhibition could only serve the purpose of inflaming the minds of the jury. Cole v. State, 45 Texas Crim. Rep., 225, 75 S. W. Rep., 527; Christian v. State, 46 Texas Crim. Rep., 47, 79 S. W. Rep., 562; Melton v. State, 47 Texas Crim. Rep., 451, 83 S. W. Rep., 822; Crenshaw v. State, 48 Texas Crim. Rep., 77, 85 S. W. Rep., 1147; Puryear v. State, 50 Texas Crim. Rep., 454, 98 S. W. Rep., 258; Williams v. State, 61 Texas Crim. Rep., 356, 136 S. W. Rep., 771; Lacoume v. State, 65 Texas Crim. Rep., 146, 143 S. W. Rep., 626; Corley v. State, 69 Texas Crim. Rep., 626, 155 S. W. Rep., 227."

The Assistant Attorney General expresses the opinion that the bloody coat was not admissible. He suggests, however, that it is possible that it was proper to receive it as tending to show the intent of appellant. Unless there was evidence that appellant and Perry White were principals in the conflict between appellant and Roscoe Clawson, it is not clear that the extent or character or location of the knife wounds inflicted by Perry White or Archie Clawson would be relevant to show the intent of Ab White (appellant) in striking Roscoe Clawson with a poker. At all events the knife wounds inflicted by Perry White on Archie Clawson were proved without dispute as part of the res gestae, and the clothes worn by Archie Clawson did not tend to solve any controverted issue.

It appears there had been a previous trial of appellant for this offense at which trial a witness named Homer Lawson testified that at about the conclusion of the encounter between Archie Clawson and appellant, when Archie Clawson fell on the bed, appellant said, "God damn you, I will kill you, too, while I am at it." At the trial from which this appeal is prosecuted Homer Lawson was not present. There was no predicate laid for the reproduction of his testimony either by showing his death or removal from the State. In the absence of such predicate it was not competent for the State to reproduce his testimony. Porch v. State, 51 Texas Crim. Rep., 7; Hobbs v. State, 55 Texas Crim. Rep., 299.

While appellant was on the stand testifying as a witness in his own behalf he was required to testify that on the former trial Homer Lawson did give the testimony above quoted. The appellant made timely objections to this upon the ground that it was a reproduction of the testimony of the absent witness Homer Lawson unauthorized for want of the requisite predicate. The court admitted the testimony on the theory, as we understand the explanation, that the appellant having been present

at his trial when Lawson gave the testimony, and having heard it, it was admissible against him. There is a well defined rule of evidence often applied in this State which is stated by Mr. Branch in his Ann. Texas Penal Code as follows: "Where a statement or remark is made in defendant's presence which he understood and which called for a reply, his silence or acquiescence may be shown as a confession where he is not under arrest." Moore v. State, 15 Texas Crim. App., 1, and other cases listed. We think this principle would not be applicable to the facts under discussion for the reason that at the time the witness Lawson gave the testimony on the former trial of appellant his silence was not a circumstance to be taken against him. This is so by virtue of the statute, which provides that he may testify, but that his failure to do so shall not be held against him. To make the application of the principle quoted would have the effect of holding that because appellant did not go on the stand and deny the testimony of Lawson on the former trial of appellant he would be held to have adopted it and made it his own statement. It has frequently been held that the inhibition against referring to appellant's failure to testify applies not only to the instant trial but to any previous trial. Richardson v. State, 33 Texas Crim. Rep., 518; Wilson v. State, 54 Texas Crim. Rep., 505; Hare v. State, 56 Texas Crim. Rep., 6; art. 790, C. C. P. The issue was closely drawn as to whether in fact appellant did make the statement imputed to him, referred to above. Evidence that he did so when properly produced was admissible and damaging to appellant, because it bore directly upon his intent to kill Roscoe Clawson,—the very question involved in the trial of this case. The evidence on the whole is close. The appellant's theory that he intended no affront to Roscoe Clawson by pushing him at the time he came into the room, and that he subsequently before the difficulty so informed Roscoe Clawson, was supported by evidence besides his own. The fact that the brother of Roscoe Clawson encouraged him to engage in a difficulty with appellant was undisputed, and there was a sharp issue of fact as to whether before he struck Roscoe Clawson the latter made a demonstration to attack appellant. There were no antecedent troubles between appellant and Roscoe Clawson proved, and appellant insisted that in delivering the blows he had no intent to produce serious injury.

It has frequently been held that where the issue of guilt or innocence, or the grade of the offense, is closely controverted by conflicting evidence, particularly where the punishment fixed is heavy, that the admission of illegal evidence of damaging facts calculated to affect the minds of the jury adversely to appellant, or to enhance the punishment, it is error requiring a reversal of the judgment. Barker v. State, 26 S. W. Rep., 400; Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W. Rep., 1120; Faulkner v. State, 43 Texas Crim. Rep., 311; Taylor v. State, 41 Texas Crim. Rep., 375; Wilkerson v. State, 60 Texas Crim. Rep., 388, 131 S. W. Rep., 1108.

In our opinion the admission of the reproduction of the threat tes-

tified to by the witness Lawson on the former trial, and the admission of the bloody coat were both illegal and harmful, and taken in connection with the record and the verdict of the jury fixing the punishment at seven years confinement in the penitentiary, require a reversal of the judgment of the court below, which is accordingly ordered.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.