## JOSE MARIA LOPEZ v. THE STATE.

No. 19617. Delivered April 6, 1938.

The opinion states the case.

*Phil B. Foster, S. B. Buchanan, Jr.,* and *Rudolph H. Gutierrez,* all of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for murder; the punishment, death.

The uncontradicted testimony shows that appellant killed his wife by cutting her throat with a razor. He took the witness stand and admitted the act. His defense was that of temporary insanity due to syphilis, superinduced by worry over his domestic relations.

Bill of exception number two reflects the following occurrence. The State's witness, Refugia Flores, testified that the deceased came running into her place of business, closely followed by appellant who overtook and cut her. In the scuffle between the two, one of the participants in the struggle placed bloody hands on the back of the witness' coat. This coat, smeared with blood, was then offered in evidence and exhibited to the jury. Appellant objected thereto on the ground that it did not prove or tend to prove any material fact or issue in the case but only served to inflame the minds of the jury. The court has qualified said bill of exception by stating that the coat was in no sense smeared with blood; that it was admitted to throw light upon a proper solution of the case. The garment in question was ordered sent to this Court as a part of the record. It is before us for inspection, and we find it smeared with blood to such an extent that it has a very unsightly appearance. At the time of its introduction, there was no question as to how or by whom the deceased was cut, nor as to the kind or character of the wounds or their location on the body. The only controverted issue at the time was whether appellant or deceased laid hands on the witness. Such a question was not material and the solution of it could have in no way assisted the jury in a solution of the case. We think appellant is correct in his contention that the only purpose this bloody garment could serve would be to inflame the minds of the jury.

That it has such a tendency in a situation like the present one has long been recognized by text writers on criminal evidence, and the rule has been consistently adhered to by this Court. See Aldridge v. State, 241 S. W. 145; Williams v. State, 61 Texas Crim. Rep. 356; White v. State, 83 Texas Crim. Rep. 252; Dozier v. State, 82 Texas Crim. Rep. 321.

The appellant in the instant case received the extreme penalty; consequently it is not our office to speculate on the effect that such evidence might have had upon the verdict of the jury.

We do not deem it necessary to discuss any of the other matters complained of as they probably will not occur again upon another trial.

For the error in admitting the bloody garment in evidence, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.