### ROY LACOUME v. THE STATE.

No. 1544.    Decided January 31, 1912.

**1.—Assault to Murder—Charge of Court—Aggravated Assault.**

Where defendant was convicted of aggravated assault under an indictment of assault to murder, he could not complain of the court's charge relating to assault to murder.

**2.—Same—Means of Aggravation.**

When a person is charged with aggravated assault, the means of aggravation must be alleged, but when the indictment charges an assault to murder the same embraces aggravated assault in all its various phases. Following Davis v. State, 20 Texas Crim. App., 302, and other cases.

**3.—Same—Simple Assault—Charge of Court.**

Where the evidence did not call for a charge on simple assault, there was no error in the court's failure to do so.

**4.—Same—Evidence—General Reputation.**

While the general reputation of prosecuting witness as a violent and dangerous man could have been shown, there was no error in not permitting defendant to show that he assaulted other parties at various times; the State not having offered to prove prosecutor's good reputation. Following Kemper v. State, 63 Texas Crim. Rep., 1.

**5.—Same—Evidence—Acts of Third Parties.**

Where the evidence showed that defendant and others were acting together, there was no error in permitting the State to exhibit to the jury the pistol which witness testified he had been hit with by one of these parties.

**6.—Same—Evidence—Expert Testimony—Hypothetical Questions.**

Where the witness was a regular practicing physician and was testifying as an expert upon a hypothetical question stated, there was no error to permit him to testify what would be the effect of a lick on prosecutor's head by the instrument in evidence.

**7.—Same—Evidence—Practice.**

Where the objectionable testimony was excluded and other testimony as to the arrest of defendant's codefendants was admitted, there was no error.

**8.—Same—Evidence—Other Offenses—Moral Turpitude.**

Theft from the person is a felony and it was permissible to show that defendant was arrested for such offense, and where testimony as to a misdemeanor was introduced without objection, there was no error.

**9.—Same—Evidence—Other Offenses.**

Testimony of another and different offense on a different person at a different time and place would not have been admissible if objected to, and it was error to admit in evidence a subpoena for the party upon whom it was alleged defendant committed another and different assault, and to permit State's counsel to comment thereon.

**10.—Same—Evidence—Clothing.**

Where the nature and location of the wound was undisputed, it was not admissible to permit the clothing worn by the party, to be introduced for the purpose of showing loss of blood.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of aggravated assault; penalty, one year confinement in the county jail.

The opinion states the case.

*Clough & Fuller*, for appellant.—On question of admitting clothing in evidence: Cole v. State, 45 Texas Crim. Rep., 225; Christian v. State, 46 id., 47; Melton v. State, 47 id., 451; Crenshaw v. State, 48 id., 77; Puryear v. State, 50 id., 454.

On question of admitting testimony of other offenses: Davis v. State, 54 Texas Crim. Rep., 236; Taylor v. State, 50 id., 560; Jenkins v. State, 49 id., 457; Robbins v. State, 47 id., 312; Grimes v. State, 141 S. W. Rep., 261.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was charged by indictment, that "with force and arms, and with malice aforethought, did unlawfully make an assault upon Tom Moore with the intent then and there to murder the said Moore." The jury found appellant guilty of an aggravated assault and assessed his punishment at one year confinement in the county jail.

All errors complained of, in that part of the charge relating to assault to murder, can not be considered by us, he having been acquitted of that offense, and found guilty of aggravated assault only. Appellant complains that the court charged the jury that "an assault becomes aggravated when committed upon an officer in the lawful discharge of the duties of his office," alleging that this was not within the offense as alleged in the indictment in this case, the indictment having alleged an assault to murder with malice aforethought, the indictment thus alleging that the offense was committed with malice either express or implied. This question has been before this court in a number of instances, and it has always been held that when a person is charged with an aggravated assault by indictment or information, the means of aggravation must be specifically alleged, but when the indictment charges an assault to murder, this embraces aggravated assault in all its various phases. That it is not necessary that the mode and manner of the commission of the offense be alleged, nor the grounds of aggravation. This question is fully and ably discussed by Judge Willson in the case of Davis v. The State, 20 Texas Crim. App., 302, and by Judge Gray, in the case of Bittick v. The State, 40 Texas, 117. See also Jones v. The State, 21 Texas Crim. App., 349; Given v. The State, 6 Texas, 172, and articles 751 and 752, Code of Criminal Procedure. Such being the law, under our decisions, the evidence in this case did not call for a charge on simple assault.

Appellant complains that the court erred in not permitting him to prove that Policeman Moore had assaulted other parties at various times, and had killed one man within the past five years, for which he was never indicted. Appellant could have proven the prosecuting witness' general reputation as being a violent and dangerous one, but this he did not offer to do. He could not show isolated transactions, for this would have rendered admissible whether or not the witness was justifiable in such acts, and these cases were not on trial. The State did not offer to prove the witness' good reputation. Kemper v. The State, 63 Texas Crim. Rep., 1, 138 S. W. Rep., 1025.

Appellant complains that the court erred in permitting the State to exhibit to the jury the pistol which he testified he had been hit with by Dennis Crowley. The evidence by the prosecuting witness shows: "I was coming up on the same side of the street and I passed them (defendant, Crowley and Watts); one of them said, 'Howdy do, Mr. Moore?' I crossed the street to the other side; I went to the southeast corner and sat down on a chair and put my feet up against the electric light post that stands on the sidewalk, and as soon as I did Lacoume, Crowley and Watts all come up behind my back, and Lacoume and Watts they passed by and got probably about six feet and stopped; Crowley got behind me and I felt a pull at my pistol holster and they already had it out and swung on me and put me in the gutter, and Denny said: 'Now you got him; kill the son-of-a-bitch,' and the other fellow was watching, and this man hit me with the gun. I never did get off my hands and knees; as fast as I would get up they would knock me down. Lacoume pulled the club from me and struck me on the head and in the temple and cut it open two inches and a half, according to the doctor's measure, and blood ran out just like a faucet; they hit me all over my head; I have the scars there yet; it took thirty stitches to sew them up." This shows, if true, that appellant, Crowley and Watts were acting together, and the court did not err in admitting this testimony and the other testimony of the acts and conduct of each of the parties at the time.

Dr. Pabst was a regular practicing physician and was testifying as an expert and, upon the hypothetical question stated, it was not error to permit him to testify what would be the effect of a lick on the head with a given instrument, with which it was shown the assault was made.

The State proved by the witness Henry where he found the pistol used in making the assault on Moore, and that he found it at a place where Watts told him he would find it. This was objected to and the defendant moved to exclude this statement, as defendant was not present when the statement was made. The court excluded the testimony, and as it did not tend to show whether or not an assault was made, being excluded by the court, this matter does not present error, and neither was there error in permitting the officers to state that appellant, Crowley and Watts were all arrested, and the time of their arrest.

In the motion for new trial many objections are urged to the State being permitted to ask defendant about being arrested charged with other offenses. We can consider none of them, however, except the one relating to the arrest for theft from the person of Mamie Rachel, as this is the offense to which an exception was reserved. Appellant answered that he was arrested and proven not guilty. As theft from the person is a felony it was permissible to show that defendant had been arrested charged with such an offense. We can not consider

the ground that the court erred in permitting the State to interrogate defendant as to the particulars of an alleged assault on Mabel Gray, this testimony having been introduced without objection. At least, the record contains no bill of exceptions. However, the court should not have permitted the subpoena for this witness to be introduced in evidence over the objection of defendant, nor have permitted the witness Posner to testify, over the objection of defendant, that he had served the process, and that she was in bed. Neither should he have permitted the county attorney in his address to comment on the fact that he had used every reasonable effort to have Mabel Gray present to testify in this case; and that she was sick in bed. Defendant objected to this argument as shown by the bill and requested the court to instruct not to consider such argument. The record does not show that Mabel Gray knew any fact connected with the assault on Policeman Moore, but it seems the State desired her presence to testify in regard to an assault made by appellant on her just a short time before the trial. This testimony of another and different offense on a different person at a different time and place would not have been admissible in evidence if objected to, and it was error for the court to permit the subpoena for Mabel Gray to be introduced in evidence; that she was sick in bed, and the county attorney argued that appellant was now under arrest for committing an assault on Mabel Gray, and that he had used efforts to have her present and testify, but that she was in bed and her attendance could not be secured.

We hardly think the clothing worn by Policeman Moore on the night of the alleged assault should have been admitted in evidence. The State stated it desired to introduce the clothing in evidence "for the purpose of showing the amount of loss of blood and the condition of his clothing after the commission of the act." The clothing was offered solely for this purpose and no other, as stated by State's counsel. The nature of the wounds and the location of the wounds being undisputed, it would hardly be admissible to permit the clothing to be introduced solely for the purpose of showing the amount of the loss of blood, as this would not aid the jury in determining whether he was guilty of assault to murder or aggravated assault.

There are a number of other grounds in the motion, but we do not deem it necessary to discuss them. For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*