Albert Allen FELLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 56549.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 22, 1978.

William C. Sherk, Houston, for appellant.

Steve W. Simmons, Dist. Atty., and Douglas Gelo, Asst. Dist. Atty., El Paso, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for voluntary manslaughter. The punishment was assessed at 17 years' imprisonment.

At the outset we note as unassigned error in the interest of justice (see Article 40.09, Section 13, V.A.C.C.P.) that the charge of the trial court authorized the jury to find the appellant guilty of voluntary manslaughter on a theory not alleged in the indictment. The indictment alleges, in pertinent part:

" . . . ALBERT ALLEN FELLA . . . did then and there unlawfully and while under the immediate influence of a sudden passion arising from an adequate cause, intentionally and knowingly cause the death of an individual, PAUL CAREY SMITH, by stabbing him with a knife, . . .."

The court's charge applying the law to the facts of the case and instructing the jury reads as follows:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about August 20, 1976, in El Paso county, Texas, the defendant, intentionally or knowingly, either (1) caused the death of Paul Carey Smith, by stabbing him with a knife, or (2) intended to cause serious bodily injury and committed an act clearly dangerous to human life, to wit: by stabbing the said Paul Carey Smith with a knife and caused his death, you will in either of such cases find the defendant guilty of voluntary manslaughter."

See *Plunkett v. State*, Tex.Cr.App., (No. 55,078, November 15, 1978); *Brewer v. State*, Tex.Cr.App., 572 S.W.2d 940 (1978); *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Davis v. State*, Tex.Cr.App., 557 S.W.2d 303.

Because of the fundamental error identified above, the judgment of conviction is reversed and the cause is remanded.