Lonnie M. YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 58076.

Court of Criminal Appeals of Texas,
Panel No. 3.

July 18, 1979.

Rehearing Denied Oct. 15, 1980.

James S. Bates, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., and Joseph A. Connors, III, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter on an indictment for murder. Punishment was assessed at five years.

At the outset we note fundamental error that must be considered in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The indictment in this case alleged that appellant did:

"... knowingly and intentionally cause the death of an individual, James Graham, by shooting him with a gun."

This alleged murder under V.T.C.A., Penal Code Sec. 19.02(a)(1).

In the court's submission of the lesser included offense of voluntary manslaughter, in the paragraph under which appellant was convicted, applying the law to the facts, the court charged:

"If you find and believe from the evidence beyond a reasonable doubt that on or about the 22nd day of May, 1976, in Hidalgo County, Texas, the defendant, Lonnie M. Young, did intentionally or knowingly cause the death of James Graham by shooting him with a firearm, to wit, a gun, or did then and there intend to cause serious bodily injury to the said James Graham and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, shooting at James Graham with a gun and causing the death of the said James Graham, but you further find and believe from all the facts and circumstances in evidence in the case, or you have a reasonable doubt thereof, that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate

cause, then you will find the defendant guilty of voluntary manslaughter."

This charge authorized a conviction under theories of voluntary manslaughter pursuant to V.T.C.A., Penal Code Sec. 19.04(a)[1] coupled with both Sec. 19.02(a)(1) and Sec. 19.02(a)(2), whereas the indictment was drafted under Sec. 19.02(a)(1) only. Thus, the jury was authorized to convict appellant under a theory not included in the indictment. Under this Court's holdings in *Garcia v. State*, Tex.Cr.App., 574 S.W.2d 133, and *Fella v. State*, Tex.Cr.App., 573 S.W.2d 548, reversal is required.

The judgment is reversed and the cause remanded.

Before the court en banc.

### ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

A panel reversed the conviction of voluntary manslaughter giving the reason that the court's charge authorized a conviction on a theory not alleged in the indictment. The panel did not give full consideration that the charge was on a lesser included offense.

The indictment alleged in part that appellant

"... did then and there knowingly and intentionally cause the death of an individual, James Graham, by shooting him with a gun...."

In applying the law to the facts, the court instructed the jury as follows:

"If you find and believe from the evidence beyond a reasonable doubt that on or about the 22nd day of May, 1976, in Hidalgo County, Texas, the defendant, Lonnie M. Young, did intentionally or knowingly cause the death of James Graham by shooting him with a firearm, to

1. Sec. 19.04(a) provides:
   "A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of a sudden passion arising from an adequate cause."

wit, a gun, <u>or did then and there intend to cause serious bodily injury to the said James Graham and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, shooting at James Graham with a gun and causing the death of the said James Graham</u>, but you further find and believe from all the facts and circumstances in evidence in the case, or you have a reasonable doubt thereof, that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter." (Emphasis added)

The underlined part of the charge, according to the panel opinion, submits a different theory than that alleged in the indictment.

In the first place, there was no objection to the court's charge. Appellant and his counsel were satisfied with it or there would have been an exception that there could be a conviction on a different theory from that alleged in the indictment.

Let us look at what the panel holds to be fundamental error. It is saying in substance that, when appellant intended to cause death as alleged in the indictment, he did not intend to cause serious bodily injury. With such reasoning this writer cannot follow. If the majority is correct, the writer has always been under the misapprehension that death is a serious bodily injury.

This Court should consider that the charge properly instructed the jury on the lesser included offense of manslaughter.

A part of the State's motion for rehearing is adopted as a part of this dissent. It is as follows:

Sec. 19.02(a)(1) and (2) provide:
"A person commits an offense if he:
(1) intentionally and knowingly causes the death of an individual; [or]
(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual ...."

"In *Cumbie v. State*, 578 S.W.2d 732 (Tex. Cr.App.1979), a panel of this Court held aggravated robbery charges were not fundamentally defective, although they authorized convictions on theories not alleged in the indictments. The indictments alleged that the defendant threatened and placed the victims in fear of imminent bodily injury. The charges authorized convictions if the defendant threatened or placed the victims in fear of imminent bodily injury *or death*. The addition of the words 'or death' was held not to constitute fundamental error 'because threatening and placing in fear of death is not different from (or less than) proof of threatening and placing in fear of bodily injury.' The result reached was correct. Certainly, a conviction should not be reversed where a charge authorizes a conviction on proof greater than that alleged in the indictment. However, insofar as *Cumbie* appears to hold that a charge is fundamentally erroneous if it authorizes a conviction on less than alleged in the indictment, it ignores the law of lesser offenses and is not correct.

"If authorizing a conviction on less proof is fundamental error, then a conviction for criminally negligent homicide would not be possible under an indictment for intentional murder. Thus, the decision of a panel of this Court in *Branham v. State*, No. 58,077, delivered July 18, 1979 [583 S.W.2d 782], that the trial court committed reversible error by not including a charge on criminally negligent homicide under an indictment for murder would be fundamentally erroneous since criminal negligence was not alleged in the indictment. However, *Branham* was correctly decided, because 'criminal negligence' is a lesser included culpable mental state to 'intentional.'

### II.

"The law of lesser included offenses is set out in the Code of Criminal Procedure. Article 40.03 provides in part:

"'New trials, in cases of felony, shall be granted the defendant for the following causes, *and no other:*

"'*   *   *

"'(9) Where the verdict is contrary to law and evidence, a verdict *is not contrary to the law* and evidence, within the meaning of this provision, where the defendant is found guilty of an *offense of inferior grade to, but of the same nature as, the offense proved.*'

"Article 37.08 provides:

"'In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense.'

"Article 37.09 provides:

"'An offense is a lesser included offense if:

"'(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"'(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"'(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"'(4) it consists of an attempt to commit the offense charged or an otherwise included offense.'

### III.

"If one intends to cause death, as alleged in the indictment in the instant case, he intends to cause serious bodily injury (part of the charge held fundamentally erroneous in the instant case). Serious bodily injury is statutory defined in part as 'bodily injury that creates a substantial risk of death or that causes death.' V.T.C.A., Penal Code, Sec. 1.07(34) [1.02(a)(34)]. Thus, 'intent to cause serious bodily injury' is a less culpable mental state within the meaning of Article 37.09(3), Vernon's Ann.C.C.P., than 'intent to cause death.'

"One cannot intentionally or knowingly cause the death of another without committing an act clearly dangerous to human life.

Thus, the second mode of committing murder under V.T.C.A., Penal Code, Sec. 19.-02(a)(2), is lesser included under Sec. 19.-02(a)(1), because committing an act clearly dangerous to human life is a less serious risk of injury [Article 37.09(2)] and is established by proof of less than all of facts required to establish [Article 37.09(1)] the actual causing of death. Moreover, the actual causing of death under Section 19.-02(a)(1) is the same as under Section 19.-02(a)(2). Consequently, unlike the robbery cases such as *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977), and some of the other cases cited in *Cumbie*, murder under Section 19.02(a)(2) is a lesser included offense of murder under Section 19.02(a)(1) and each element of murder under Section 19.02(a)(2) is necessarily included under an indictment for intentional (as opposed to knowing) murder under Section 19.02(a)(1). Moreover, voluntary manslaughter under Section 19.02(a)(2) and 19.04 fits all the traditional notions of a lesser included offense to murder under Section 19.02(a)(1) when considered together with Articles 37.-08 and 37.09, supra.

"In *Hart v. State*, 581 S.W.2d 675 (Tex. Cr.App.1979), the defendant was indicted for attempted murder but convicted of aggravated assault. The defendant contended that the court's charge authorized a conviction on a theory not alleged in the indictment. The indictment charged:

"'... knowingly and intentionally with intent to commit the offense of murder, attempt to cause the death of (complainant) with a knife.'

The defendant argued that the indictment did not allege serious bodily injury or use of a deadly weapon, elements of the offense under V.T.C.A., Penal Code, Section 22.02. In holding that the contention was without merit, the Court stated:

"'The indictment sets forth an allegation of serious bodily injury by the language "attempt to cause death." V.T. C.A. Penal Code, Sec. 1.07(a)(34). Further, this attempt to cause death was occasioned by "stabbing with a knife." Alleging that a knife was a weapon used

in an attempt to cause death is an allegation that the knife is a deadly weapon. V.T.C.A. Penal Code, Sec. 1.07(a)(11). Such language included the lesser offense of aggravated assault.'

"*Hart* is apposite to the instant case. To the extent that *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978), and *Fella v. State*, 573 S.W.2d 548 (Tex.Cr.App.1978), cited in the panel opinion, are to the contrary, they should be overruled."

The State's motion for rehearing should be granted.

W. C. DAVIS, J., joins in this dissent.