Billy Ray **HUTCHINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57564.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 19, 1979.

Douglas R. Bergen, Waco, for appellant.

Felipe Reyna, Dist. Atty., Randall L. Rogers, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated robbery, wherein a jury as-

sessed punishment at fifteen years confinement.

In a pro se ground of error, appellant contends that the court's charge to the jury was fundamentally defective in that it provided an alternative culpable mental state, although such was not alleged in the indictment. We agree.

The indictment, in pertinent part, alleged that appellant,

"did then and there while in the course of committing theft and with intent to obtain and maintain control of property of James Schlemmer, to wit: United States Currency without the effective consent of the said James Schlemmer and with intent to deprive the said James Schlemmer of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a revolver *intentionally* and *knowingly* threaten and place Margaret Durham in fear of imminent bodily injury and death . . ." (Emphasis added)

In its charge, the trial court additionally charged the jury on the culpable mental state of recklessness as provided in V.T.C.A. Penal Code, Sec. 6.03(c) although this was not alleged in the indictment. The court further charged the jury that they could find appellant guilty of the offense if they found that he:

"intentionally, knowingly or *recklessly* threatened or placed Margaret Durham in fear of imminent bodily injury or death . . ." (Emphasis added)

This same charge was held to be fundamentally defective as authorizing a means of conviction on a theory not alleged in the indictment. *Hawkins v. State*, 579 S.W.2d 923 (Tex.Cr.App.1979); *Jackson v. State*, 576 S.W.2d 88 (Tex.Cr.App.1979); *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976). Further, V.T.C.A. Penal Code, Sec. 29.02 does not provide for any robbery offense involving the *reckless* threatening or placing another in fear of imminent bodily injury or death. See Sec. 29.02, supra; *Hawkins v. State*, supra.

Accordingly, the judgment is reversed and the case remanded.