**Wilbert COLBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60505.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 20, 1981.

---

1. Art. 6701d, Sec. 50, V.A.C.S. This article was again amended in 1979.

Bill Frizzell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn, and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for voluntary manslaughter. After finding appellant guilty, the jury assessed punishment at 12 years.

At the outset, we are confronted with unassigned error which requires reversal in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. The record reflects that appellant had originally been indicted for murder, but the jury found him guilty of the lesser included offense of voluntary manslaughter. The indictment in the instant cause alleged in pertinent part that on February 5, 1976, appellant did:

"intentionally and knowingly cause the death of Joseph Francis by shooting him with a gun."

In the court's submission of the lesser included offense of voluntary manslaughter, in the paragraph under which appellant was convicted, applying the law to the facts, the court charged as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 5th day of February, 1976, in Harris County, Texas, the defendant, Wilbert Colbert,

"did then and there intentionally or knowingly cause the death of an individual, Joseph Francis, by shooting him with a gun, *or that the defendant did then and there intend to cause serious bodily injury to the said Joseph Francis, and with said intent to cause such injury did commit an act clearly dangerous to human life, to-wit: shooting with a gun the said Joseph Francis and causing the death of the said Joseph Francis,* but you further find and believe from all the facts and circumstances in evidence in the case, the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, or if you have a reasonable doubt as to whether defendant acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter." (Emphasis Added).

The record thus reveals that appellant had been indicted for murder pursuant to V.T.C.A. Penal Code, Sec. 19.02(a)(1). However, the court's charge to the jury authorized a conviction under theories of voluntary manslaughter pursuant to Sec. 19.04(a), supra, coupled with both Sec. 19.-02(a)(1), supra, and Sec. 19.02(a)(2), supra, whereas the indictment was drafted only under Sec. 19.02(a)(1), supra. The court's charge therefore authorized the jury to convict appellant under a theory which was not included in the indictment. Under this Court's holdings in *Young v. State*, 605 S.W.2d 550, (Tex.Cr.App.), and *Garcia v. State*, 574 S.W.2d 133, (Tex.Cr.App.), such a charge is fundamentally defective.

The judgment is reversed and the cause is remanded.