Julius L. **DEITCH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60591.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 24, 1981.

Clyde W. Woody, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Ned Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of voluntary manslaughter; the

---

punishment is imprisonment for twenty years.

The appellant urges in a supplemental brief that the trial court's charge contains fundamental error, in that it authorizes a conviction for the lesser included offense of voluntary manslaughter on a theory of murder that is not alleged in the indictment.

In *Young v. State*, 605 S.W.2d 550 (Tex. Cr.App.1980), as in this case, the defendant was indicted for murder, V.T.C.A. Penal Code, Section 19.02(a)(1), and found guilty of voluntary manslaughter. In that case a charge[1] quite similar to the charge submitted in this case[2] was considered in the interest of justice, Art. 40.09, Sec. 13, V.A. C.C.P., and was held fundamentally defective. It was said:

"This charge authorized a conviction under theories of voluntary manslaughter pursuant to V.T.C.A., Penal Code Sec. 19.04(a) coupled with both Sec. 19.02(a)(1) and Sec. 19.02(a)(2), whereas the indictment was drafted under Sec. 19.02(a)(1) only. Thus, the jury was authorized to convict appellant under a theory not included in the indictment. Under this Court's holdings in *Garcia v. State*, Tex. Cr.App., 574 S.W.2d 133 and *Fella v.*

*State*, Tex.Cr.App., 573 S.W.2d 548, reversal is required."

V.T.C.A. Penal Code, Sec. 19.04(a) provides:

. "A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of a sudden passion arising from an adequate cause."

V.T.C.A. Penal Code, Sec. 19.02(a)(1) and (2) provide:

"A person commits an offense if he:
"(1) intentionally or knowingly causes the death of an individual; [or]
"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual...."

*Young v. State*, supra, is controlling of our decision in this case.

The judgment is reversed and the cause is remanded.

1. The charge submitted in *Young v. State*, supra, reads:
   "If you find and believe from the evidence beyond a reasonable doubt that on or about the 22nd day of May, 1976, in Hidalgo County, Texas, the defendant, Lonnie M. Young, did intentionally or knowingly cause the death of James Graham by shooting him with a firearm, to wit, a gun, or did then and there intend to cause serious bodily injury to the said James Graham and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, shooting at James Graham with a gun and causing the death of the said James Graham, but you further find and believe from all the facts and circumstances in evidence in the case, or you have a reasonable doubt thereof, that the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter."

2. "Now if you find from the evidence beyond a reasonable doubt that on or about the 30th day of August 1977 in Harris County, Texas, the Defendant, JULIUS L. DEITCH, did then and there intentionally or knowingly cause of death of an individual, ROBERT RYLANDER DEVINEY by shooting him with a firearm, to-wit, a pistol, or that the defendant did then and there intend to cause serious bodily injury to the said ROBERT RYLANDER DEVINEY and with said intent to cause such injury did commit an act clearly dangerous to human life, to-wit, shooting the said ROBERT RYLANDER DEVINEY with a pistol and causing the death of the said ROBERT RYLANDER DEVINEY but you further find and believe from all the facts and circumstances in evidence in the case, the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, as those terms have been defined, or if you have reasonable doubt as to whether or not the defendant acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter."