Baby Ray MONTGOMERY, Jackie Lee Pullum & Roy Lee Bosier, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 64450–64452.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

John C. Paschall, Hearne, for appellants.

D.E. Harris, Sp. Prosecutor, Franklin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The appellants were convicted of the offense of rape; the punishment for each appellant is imprisonment for ten years.

The appellants urge that the trial court erred in its charge to the jury and that the evidence does not support the jury's verdict.

■ The indictment alleges that the appellants "intentionally" raped the complainant while the charge instructed the jury that it could convict appellants if it found appellants "intentionally and knowingly" raped the complainant. The appellants urge that the charging of the additional culpable mental state of "knowingly" when it had not been alleged in the indictment permitted the jury to convict appellants for a lower degree of culpability than that alleged. There is no error since the charge required the jury to find the acts were committed "intentionally" as well as "knowingly"—since "intentionally" is a higher culpable mental state than "knowingly." It was not fundamental error to charge on both culpable mental states when they were charged conjunctively. Cf. *Messenger v. State*, 638 S.W.2d 883 (Tex.Cr. App.1982); *Hutchings v. State*, 590 S.W.2d 710 (Tex.Cr.App.1979).

■ The appellants also assert that their convictions cannot be sustained because the convictions are on the uncorroborated testimony of the complainant. A conviction under V.T.C.A. Penal Code, Section 21.02, may be sustained on the uncorroborated testimony of the victim if the victim informs any person other than the defendant within six months after the date of the offense. Article 38.07, V.A.C.C.P. In this instance the victim told a physician and police officers that she had been raped within a day's time of the commission of the offense. The complainant's uncorroborated testimony is sufficient evidence to sustain the conviction.

The judgments are affirmed.