Jesse Albert ROCHA, Appellant,

v.

The STATE of Texas, Appellee.

No. 62893.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 16, 1982.

On Rehearing En Banc April 13, 1983.

---

Randolph Scott, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, C. Wayne Huff and Will Wilson, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of aggravated assault on an indictment charging the offense of attempted murder. Punishment was assessed by the jury at 10 years' confinement in the penitentiary but it recommended probation.

At the outset we note fundamental error which must be considered in the interest of justice. See Art. 40.09(13), V.A.C.C.P.

The indictment in this cause alleged that the appellant did:

then and there *knowingly and intentionally* attempt to cause the death of Victor Velasquez, an individual, by shooting the said Victor Velasquez with a handgun, said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended. (Emphasis Added).

In the court's submission of the lesser included offense of aggravated assault, in the paragraph under which appellant was convicted, applying the law to the facts, the court instructed the jury as follows:

Now if you find from the evidence beyond a reasonable doubt that the defendant, Jesse Albert Rocha, at the time and place alleged in the indictment, did then and there *intentionally or knowingly or recklessly,* by the use of a firearm, if any, cause bodily injury to Victor Velasquez, or if you find from the evidence beyond a reasonable doubt that the defendant, Jesse Albert Rocha, at the time and place alleged in the indictment, did then and there *knowingly or intentionally or recklessly* cause serious bodily injury to the said Victor Velasquez, then you will find the defendant guilty of the offense of aggravated assault and so say by your verdict. (Emphasis Added).

A person commits the offense of aggravated assault if he intentionally, knowingly or recklessly causes serious bodily injury to another, or if he commits an assault by using a deadly weapon. See V.T.C.A. Penal Code, Secs. 22.01(a)(1), 22.02(a)(4). A firearm is a deadly weapon. V.T.C.A. Penal Code, Sec. 1.07(11)(A).

It is fundamental error for a trial court to authorize a conviction on a theory not alleged in the charging instrument. *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App. 1977). A jury charge which authorizes conviction on the finding of a culpable mental state not alleged in the charging instrument is fundamentally defective. *Hutchins v. State,* 590 S.W.2d 710 (Tex.Cr.App.1979).

Though the appellant was charged with the primary offense of attempted murder, nevertheless, the trial court instructed the jury on the lesser included offense of aggravated assault. This it was permitted to do. However, it was not permitted to instruct the jury that a conviction was authorized on the finding of a culpable mental state not alleged in the indictment. *Hutchins,* Id. Recklessly was a culpable mental state not alleged in the charging instrument. When the trial court placed in the application paragraph the non-alleged culpable mental state of recklessly, it committed fundamental and reversible error. See also *Young v. State,* 605 S.W.2d 550 (Tex. Cr.App.1980); *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981); *Deitch v. State,* 617 S.W.2d 695 (Tex.Cr.App.1981); *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978);

and *Fella v. State,* 573 S.W.2d 548 (Tex.Cr. App.1978). Reversal is therefore required.[1]

The judgment is reversed and the cause remanded.

CLINTON, Judge, dissenting.

Well aware of the principle controlling a host of decisions rendered by the Court, finding fundamental error in a charge of the trial court, I cannot join this one.

Failure of the instant indictment charging attempted murder to include the culpable mental state of recklessness may be justified on two grounds: first, it is doubtful that recklessness is an appropriate culpable mental state for the specific intent crime of attempt, especially attempted murder; second, in any event the higher culpable mental states of intentionally and knowingly include the lesser culpable mental states of recklessly, at least for present purposes. See Article 37.09(3), V.A.C.C.P. Thus, there is no error, fundamental or otherwise.

Accordingly, I respectfully dissent.

Before the court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

This appeal is from a conviction for aggravated assault obtained under an indictment for attempted murder. Punishment was assessed by the jury at ten (10) years' imprisonment, probated.[1]

On original submission, a majority of a panel of this court reversed appellant's conviction based on unassigned error.[2] It was held that the court committed fundamental error when in its charge it authorized the conviction of appellant for aggravated as-

sault upon the finding of a culpable mental state of recklessness, which culpable mental state was not alleged in the indictment. The appellant had requested the charge on aggravated assault and did not object to the charge on this ground.

The opinion made clear that aggravated assault was a lesser included offense of attempted murder and the appellant was entitled to a charge thereon since the evidence raised the same, and that if only the culpable mental states of intentionally and knowingly alleged in the attempted murder indictment had been used in the charge on aggravated assault no error would have been presented. It was the inclusion of the additional culpable mental state of recklessness that triggered the reversal on unassigned error.

The State in its rehearing motion asks an examination and reconsideration of the panel opinion. This we shall do.

The attempted murder indictment in this cause alleged that the appellant did:

"... then and there *knowingly and intentionally* attempt to cause the death of Victor Velasquez, an individual, by shooting the said Victor Velasquez with a handgun, said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended." (Emphasis supplied.)

Upon request by appellant's counsel, the trial court (applying the law to the facts) charged the jury on the offense of aggravated assault as follows:

"Now if you find from the evidence beyond a reasonable doubt that the defendant, Jesse Albert Rocha, at the time and place alleged in the indictment, did then and there *intentionally and knowingly or recklessly,* by the use of a fire-

---

1. By our holding, we do not overlook the fact that it was the appellant who requested the lesser offense charge of aggravated assault, and that the appellant did not make any objections to the charge as given. However, we believe that the appellant's attorney, Randolph Scott, well stated the matter when he argued: "... this charge is drawn by the Judge. It is not drawn by the attorneys." See also Art. 36.14, V.A.C.C.P.

1. Appellant was also charged with murder. That case was tried jointly with this one. Both causes were appealed. The murder conviction in 634 S.W.2d 730 (Tex.Cr.App.) was affirmed in a per curiam panel opinion on June 16, 1982.

2. There was a dissenting opinion by Judge Clinton.

arm, if any, cause bodily injury to Victor Velasquez, or if you find from the evidence beyond a reasonable doubt that the defendant, Jesse Albert Rocha, at the time and place alleged in the indictment, did then and there *knowingly or intentionally or recklessly* cause serious bodily injury to the said Victor Velasquez, then you will find the defendant guilty of the offense of aggravated assault and so say by your verdict." (Emphasis supplied.)

We turn initially to a reexamination of the question of whether aggravated assault is a lesser included offense of attempted murder.

Article 37.09, V.A.C.C.P., relates to lesser included offenses, and provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) *it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission;* or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense." (Emphasis supplied.)

V.T.C.A., Penal Code, § 6.02(d) and (e), read as follows:

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;

"(2) knowing;

"(3) reckless;

"(4) criminal negligence.

"(e) *Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.*" (Emphasis supplied.)

The elements of murder are defined by V.T.C.A., Penal Code, § 19.02. As relevant here they are as follows:

1) a person;

2) who intentionally or knowingly causes the death of an individual; or

3) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

The elements of criminal attempt to commit murder are controlled by V.T.C.A., Penal Code, § 15.01. They are as follows:

1) a person;

2) who with the specific intent to commit murder;

3) does an act amounting to more than mere preparation, which;

4) tends but fails to effect the commission of murder.

The indictment in the instant case alleged attempted murder pursuant to V.T.C.A., Penal Code, §§ 15.01 and 19.02(a)(1).

V.T.C.A., Penal Code, § 22.01, provides in part:

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or ...."

V.T.C.A., Penal Code, § 22.02, provides in part:

"(a) A person commits an offense if he commits an assault as defined in Section 22.01 of this code and he:

"(1) causes serious bodily injury to another; or

*       *       *       *       *       *

"(3) uses a deadly weapon."

The elements of aggravated assault relevant here under V.T.C.A., Penal Code, § 22.02, are (1) a person, who (2) intentionally, knowingly, or recklessly (3) commits an assault; which either (4) causes serious bodily injury, or (5) is effected by the use of a deadly weapon.

At least, and without further consideration, aggravated assault may be a lesser included offense of attempted murder under Article 37.09(1) and (3), supra.

On other occasions this court has held that aggravated assault may be a lesser

included offense of attempted murder. See, e.g., *Teal v. State*, 543 S.W.2d 371 (Tex.Cr.App.1976),[3] and *Williams v. State*, 622 S.W.2d 578 (Tex.Cr.App.1981).

The fact that the lesser included offense of aggravated assault may be committed by the "additional" culpable mental state of "reckless" does not preclude a charge thereon even though said culpable mental state is not alleged in the indictment. By definition, V.T.C.A., Penal Code, § 6.02(d) and (e), "reckless" is a lesser culpable mental state than "intentional" and "knowing."

For the purposes of the submission to the jury of the lesser included offense of aggravated assault, we hold the culpable mental state of "reckless" is included under the canopy of the higher culpable mental states of "intentional" and "knowing" alleged in the indictment for the greater offense of attempted murder. Thus it was not error, much less fundamental error to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a finding of the lower culpable mental state of "reckless."

We are reinforced in our conclusion by several fairly recent cases.

In *Brooks v. State*, 548 S.W.2d 680 (Tex. Cr.App.1977), the defendant, indicted for murder, was convicted of the lesser included offense of voluntary manslaughter. On appeal Brooks complained of the trial court's refusal to submit to the jury the issue of involuntary manslaughter. This court rejected the contention on the ground there was "... no evidence that the appellant acted in a reckless manner ...." Even though the indictment did not allege the word "reckless" or any variation thereof,[4] the *Brooks* opinion made it plain that involuntary manslaughter was a lesser included offense of murder, and that if there had been evidence of recklessness the issue of involuntary manslaughter should have been submitted.[5] In so holding, this court made the following statement:

"Since involuntary manslaughter requires a lesser culpable mental state on the part of the actor, it is by definition a lesser included offense of murder and of voluntary manslaughter. See Article 37.-09, V.A.C.C.P."

This part of the *Brooks* opinion was endorsed in *Garcia v. State*, 574 S.W.2d 133, 134 (Tex.Cr.App.1978).

In *Moore v. State*, 574 S.W.2d 122 (Tex. Cr.App.1978), the defendant was indicted for murder and convicted of the lesser included offense of involuntary manslaughter. On appeal he complained of the trial court's refusal to submit a jury charge on criminally negligent homicide. Even though the only culpable mental states alleged in the murder indictment were knowingly and intentionally,[6] this court held that

---

**3.** In *Teal v. State*, supra, this court wrote:

"We conclude that aggravated assault is a lesser included offense of attempted murder under the plain provisions of Vernon's Ann. C.C.P., art. 37.09 (Supp.1976–1977), since we have the following common elements present: (1) a person who (2) with specific intent to commit murder (3) does an act amounting to more than mere preparation (4) which tends but fails to cause serious bodily injury (5) by committing an act clearly dangerous to human life (6) through the use of a deadly weapon.

"This holding is compatible with the holdings of this Court under the 1925 and earlier codes. See P. McClung, 'Jury Charges for Texas Criminal Procedure' (1976 Ed.), p. 234 citing *Lacoume v. State*, 65 Tex.Cr.R. 146, 143 S.W. 626 (1912). See also, *McDonald v. State*, 462 S.W.2d 40, 41, fn. 1 (Tex.Cr.App. 1970); 29 Tex.Jur.2d, Homicide, § 121, pp.

137, 139 (1961), and cases therein cited." (Footnote omitted.)

**4.** The indictment in *Brooks* (our Cause # 52,-700) in pertinent part reads:

"... did then and there intentionally and knowingly cause the death of Thomas L. Meredith by shooting the said Thomas L. Meredith with a gun ...."

**5.** V.T.C.A., Penal Code, § 19.05 (Involuntary Manslaughter), reads in part:

"(a) A person commits an offense if he: "(1) recklessly causes the death of an individual; or ...."

**6.** The pertinent part of the murder indictment in *Moore* reads:

"did then and there knowingly and intentionally cause the death of Fred Drury by shooting the said Fred Drury with a shotgun."

the trial court reversibly erred in failing to instruct the jury on the lesser included offense of criminally negligent homicide. See also *Branham v. State,* 583 S.W.2d 782 (Tex. Cr.App.1979).

In *Ormsby v. State,* 600 S.W.2d 782 (Tex. Cr.App.1979), the defendant was indicted for and convicted of involuntary manslaughter. On appeal Ormsby complained the court below refused to charge on the lesser included offense of criminally negligent homicide. Finding that the evidence raised the issue, this court following *Moore v. State,* supra, held that criminal negligence is a lesser culpable mental state than recklessness so as to make criminally negligent homicide a lesser included offense of voluntary manslaughter and reversed the conviction. It is here observed that the culpable mental state of criminal negligence was never stated in the indictment.[7]

The panel opinion, reversing the instant case, relied upon *Young v. State,* 605 S.W.2d 550 (Tex.Cr.App.1979), and other cases which should be distinguished.

In *Young* the murder indictment alleged the offense under the mode or theory of V.T.C.A., Penal Code, § 19.02(a)(1), in pertinent part as follows:

"... knowingly and intentionally cause the death of an individual, James Graham, by shooting him with a gun."[8]

In submitting the case to the jury, the court charged on the lesser included offense of voluntary manslaughter for which Young was convicted. In submitting the lesser included offense, the court authorized a conviction for voluntary manslaughter pursuant to V.T.C.A., Penal Code, § 19.04, coupled with the mode or theory of murder under § 19.02(a)(1), as alleged in the indictment as well as the mode of murder under § 19.02(a)(2), not alleged in the indictment. The court reversed the conviction, noting "... the jury was authorized to convict appellant under a theory not included in the indictment." The court cited *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978), and *Fella v. State,* 573 S.W.2d 548 (Tex.Cr. App.1978), in support of its holding.

To the same effect as *Young* is *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981), and *Deitch v. State,* 617 S.W.2d 695 (Tex. Cr.App.1981).

The so-called *Young* line of cases are similar to the instant case in that each involved a question concerning the submission to the jury of a lesser included offense. They are, however, distinguishable. In *Young* there was a difference between the basic mode or theory of the offense alleged and that submitted in the charge to the jury as to the lesser included offense. In the instant case there is no difference in the basic mode or theory of prohibited assaultive conduct alleged in the indictment and that submitted to the jury in connection with the lesser included offense. The allegations in the instant indictment charged a *direct* attempt to cause death [V.T.C.A., Penal Code, § 19.02(a)(1)] as opposed to an indirect attempt via the commission of a dangerous act, etc. [V.T.C.A., Penal Code § 19.02(a)(2)]. The charge to the jury in the instant case concerning the lesser included offense submitted a lesser assaultive

---

**7.** An examination of the *Ormsby* record (Cause # 57,537), reveals that the pertinent part of the indictment for involuntary manslaughter read:

"did then and there unlawfully while intoxicated, knowingly and intentionally operate a motor vehicle and by reason of such intoxication caused the death of Deborah Stitt through accident and mistake by driving said vehicle into a motor vehicle occupied by the said deceased." See V.T.C.A., Penal Code, § 19.05(a)(2).

**8.** Several modes of committing murder are set out in V.T.C.A., Penal Code, § 19.02 (Murder):

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an individual;

"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

"(4) * * *"

offense, based on a theory of direct as opposed to indirect assaultive conduct. While there is a surface difference between the indictment and the charge to the jury on the lesser included offense, it is not a difference in the basic theories of prohibited conduct. The surface difference is between the culpable mental states alleged in the indictment and those submitted to the jury with regard to the lesser included offense. There is no actual difference when the law of lesser included offenses and lesser included culpable mental states is considered. The only difference between the culpable mental states alleged and those submitted with regard to the lesser included offense was the additional culpable mental state of "reckless" which is a lesser culpable mental state of the "intentionally" and "knowingly" which were alleged.

Whatever continued viability the *Young* line of cases may have, its rationale should not be extended in the instant case.

*Robinson v. State,* 553 S.W.2d 371 (Tex. Cr.App.1977), also cited by the panel opinion, is also distinguishable. Robinson was indicted for aggravated robbery. In submitting the case to the jury the court authorized a conviction for every conceivable theory under V.T.C.A., Penal Code, § 29.02 (Robbery), and § 29.03 (Aggravated Robbery), rather than limiting it to the mode or theory alleged in the indictment.

*Hutchins v. State,* 590 S.W.2d 710 (Tex. Cr.App.1979), is likewise distinguishable. Hutchins was indicted for aggravated robbery. The culpable mental states alleged were "intentionally" and "knowingly." The charge authorized conviction upon the culpable mental states alleged as well as "recklessly." In reversing this court noted the charge was fundamentally defective as authorizing a conviction on a theory not alleged in the indictment. The court stated: "Further, V.T.C.A. Penal Code, § 29.02, does not provide for any robbery offense involving the *reckless* threatening or placing another in fear of imminent bodily injury or death."

For the reasons stated, we conclude the panel was in error in reversing this cause on the ground stated.

Appellant also urges two additional grounds of error which were not answered on original submission. These involve two claims of improper jury argument at the penalty stage of the trial to which there was no objection. These contentions were decided adversely to appellant in the companion case of *Rocha v. State,* 634 S.W.2d 730 (Tex.Cr.App.), which was disposed by a per curiam opinion on June 16, 1982. We adhere to that disposition and conclude that a further discussion of the same grounds is not here warranted.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.

TEAGUE, Judge, concurring.

Jesse Albert Rocha, appellant, was charged with committing the offense of attempted murder. However, he was found guilty by a jury of committing the lesser included offense of aggravated assault. His conviction was reversed by a majority panel opinion of this Court, because the majority found that the application paragraph of the charge to the jury, which concerned the offense of aggravated assault, applied, in addition to the alleged culpable mental states of intentionally and knowingly, the culpable mental state of recklessly, which had not been alleged in the indictment which charged the appellant with committing the offense of attempted murder.

As the author of the majority panel opinion, joined therein by Presiding Judge Onion, who is now the author of the majority opinion on the State's motion for rehearing, I concur in the opinion Presiding Judge Onion, my colleague on the panel, has now prepared.

A panel opinion, even a unanimous one, of course, represents only the views of ⅓ of the Court's membership, and a majority panel opinion represents only the views of ⅔ of the Court's membership. Since October 1, 1982, this Court has ceased to use panels in the disposition of causes pending

before it, opting instead that all dispositions will thereafter be by En Banc decisions. I, for one, sincerely believe that this has greatly improved, and will continue to improve, at the appellate level, the criminal justice system in the State of Texas.

Contrary to today's decision, I do not believe that the Court has in the past made crystal clear what probably should have been obvious to me when I wrote the majority panel opinion. Today, the Court expressly states: "For the purposes of the submission to the jury of the lesser included offense of aggravated assault, we hold the culpable mental state of 'reckless' is included under the canopy of the higher culpable mental states of 'intentional' and 'knowing' alleged in the indictment for the greater offense of attempted murder. Thus, it was not error, much less fundamental error to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a finding of the lower culpable mental state of 'reckless.'" If nothing else, had the panel opinion been written in a manner other than that in which it was written, the Bench and Bar may have been possibly deprived of the clear statement of the law the Court has now made on this point.

All members of the Court agree that aggravated assault may be a lesser included offense of attempted murder under Art. 37.09, V.A.C.C.P. However, not all agree when an offense will become a lesser offense of the greater alleged offense, even though the wording of Art. 37.09, *Id.,* is clear. I find that, perhaps, it was my disenchantment with how Art. 37.09, *Id.,* has been applied in the past by the Court that caused me to unknowingly do what I had no intention of doing, "naturally extending a faulty legal theory."

Pursuant to Art. 37.09, *Id.,* an offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Just as it is the conscientious prosecuting attorney who, after he has prepared the charging instrument, could probably care less about lesser included offenses, I do not believe that this Court, in its treatment whether a lesser included offense instruction should be given, should mandate that before such an instruction must be given the defendant must establish that he is guilty only of the lesser included offense for which he seeks the instruction. As easily observed by the clear and precise wording of the statute, there is no such requirement that before a defendant is entitled to an instruction on a lesser included offense, he must establish that, if guilty at all, he is only guilty of the lesser included offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974); *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (Tex.Cr.App.1952); *Watson v. State,* 605 S.W.2d 877 (Tex.Cr. App.1980), and the like, should be in all things overruled.

That issue, however, is not before this Court today. Nevertheless, because I do not find in the record of appeal the express reason why the trial judge gave the lesser included offense instruction, and he could have given the instruction pursuant to Art. 37.09, (3), i.e., "it differ[ed] from the offense charged only in the respect that a less culpable mental state suffices to establish its commission," and it matters not in that instance what the allegations of the charging instrument contain, I believe the Court today has implicitly taken a giant step forward in its consideration of when a lesser included offense instruction should be given by the trial court.

I respectfully concur in the opinion.

MILLER, J., joins.