**In the Matter of D.L., Jr., A Juvenile.**

No. 04–83–00026–CV.

Court of Appeals of Texas,
San Antonio.

June 29, 1983.

Fred Rodriguez, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Patrick Garza, Edward Shaughnessy, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a juvenile case adjudicating D.L., Jr., hereinafter referred to as appellant, to have engaged in delinquent conduct.

Appellant does not challenge the sufficiency of the evidence.

Appellant shot two errant shots at D____ D____, whom he alleged was advancing toward him. One of the two errant shots went through a window of a nearby house and wounded D____ G____, Jr., an infant, who was lying in a crib inside the house. The jury found appellant did engage in delinquent conduct by causing injury to a child and the trial court committed appellant to the Texas Youth Council based upon such finding. The sole issue presented to us by appellant is whether the court's charge instructed the jury to find appellant engaged in delinquent conduct upon a theory not alleged in the State's First Amended Petition in which the State sought to have appellant adjudged to have engaged in delinquent conduct. We answer the issue in the affirmative and reverse the judgment of the trial court.

In its petition, the State alleged five counts of alleged delinquent conduct. All of the counts, except count IV were disposed of either by directed verdict or the granting of a mistrial upon the jury's failure to reach a verdict. In Special Issue Two, which incorporated count IV of the petition, the jury found that appellant "did engage in delinquent conduct by committing injury to a child."

Count IV of the State's petition alleged that appellant "... did then and there intentionally and knowingly engage in conduct that caused serious bodily injury to D____ G____, Jr., a child younger than the

age of 14 years, by shooting said D——— G———, Jr., with a gun; that said act on the part of said child is an offense against the State of Texas of the Grade of Felony, set out and defined as such in Section 22.04 of the Texas Penal Code."

The application paragraph of the charge to the jury, which concerned the offense of Injury to a Child, was paragraph VI and it set out the alleged culpable mental states of "intentionally" and "knowingly" as alleged in count IV of the State's petition. However, in paragraph IX of the charge to the jury the court gave an abstract charge on the law of justification against another's use of unlawful force, Tex.Penal Code Ann. § 9.04 (Vernon 1974), and the unavailability of justification in a prosecution for the reckless injury of an innocent third person. Tex.Penal Code Ann. § 9.05 (Vernon 1974). The court applied the law of justification to the facts concerning the shooting of D——— D———, and in the same paragraph stated "... but if you further believe from the evidence that the respondent did recklessly injure an innocent third person, namely: D——— G———, Jr., you will find the respondent did engage in delinquent conduct as alleged in *paragraph VI or VIII.* (Emphasis ours). Appellant timely objected to this particular portion of the charge.

Tex.Penal Code Ann. § 22.04 (Vernon Supp.1982–1983) reads in part as follows:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger; ...

(1) serious bodily injury;

\* \* \* \* \* \*

(b) An offense under Subsection (a)(1), (2), or (3) of this section is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a felony of the third degree.

\* \* \* \* \* \*

(d) An offense under Subsection (a) of this section when the person acts with criminal negligence shall be a Class A misdemeanor.

Section 22.04 specifically sets out certain differences in the basic theories of prohibited conduct. It is clear that § 22.04 provides for an Injury to a Child offense involving intentionally or knowingly engaging in conduct that causes serious bodily injury to a child who is 14 years of age or younger, and further provides for an Injury to a Child offense involving recklessly engaging in conduct that causes serious bodily injury to a child who is 14 years of age or younger. In the instant case the culpable mental states alleged were "intentionally" and "knowingly" and in paragraph VI of the charge a conviction was authorized upon the alleged culpable mental states. However, we can reach no other conclusion but that paragraph IX of the charge further authorized conviction upon the culpable mental state of "recklessly".

The State relies on *Rocha v. State,* opinion on State's Motion for Rehearing, No. 62,893, delivered April 13, 1983, 648 S.W.2d 298 (Tex.Crim.App.1983), in arguing that the charge was not fundamentally defective. The situation before us, is unlike that in *Rocha.* In *Rocha,* the question presented to the court concerned the difference between the culpable mental states alleged in the indictment and those submitted to the jury with regard to the lesser included offense. Such is not the case before us.

We hold that the charge in the instant case was fundamentally defective by authorizing a conviction on a theory not alleged in the petition. *See Hutchins v. State,* 590 S.W.2d 710, 711 (Tex.Cr.App.1979); *See Hawkins v. State,* 579 S.W.2d 923, 924 (Tex. Cr.App.1979); *See Walton v. State,* 575 S.W.2d 25, 26 (Tex.Cr.App.1978).

The judgment of the trial court is reversed and the cause remanded.

BUTTS, Justice, concurring.

I, too, believe the jury charge evinces error of a fundamental nature. The unapparent section 9.05, Tex.Penal Code Ann.

(Vernon 1974) is the culprit. Within the charge on self-defense, regarding the attempted murder offense against the older person and the aggravated assault offense against the baby, both alleged in the petition and tried herein, the trial court in this case instructed the jury:

> Even though the respondent is justified under this law of self-defense in threatening or using deadly force against another, if in doing so he also recklessly injures an innocent third person, the justification afforded by self-defense is unavailable to the respondent for the reckless injury of the innocent third person.

The abstract definition could better have tracked the statute and stated for clarity, "the justification afforded by self-defense is unavailable *in a prosecution* for the reckless injury of the innocent third person." (Emphasis added.) § 9.05. It is further noted the definition of "reckless" or "recklessly" which should have been included in the definition was omitted.

This is a codified limiting charge to be applied within the self-defense jury charge when appropriate under the facts of a particular case. It tells the jury that the justification which the defendant may have for his acts against A may not carry over to exonerate the defendant for his reckless acts against the innocent third party B.

In applying this law to the facts of a particular case the court then would charge the jury that even if they found the defendant was justified under the law of self-defense as to A, if he had recklessly injured [or killed] the innocent third person B, the justification afforded by self-defense as to A would be unavailable to defendant for the reckless injury [or death] of that innocent third person. The jury must also be instructed on "reckless" or "recklessly." *See,* BRANCH'S TEX.ANN.PENAL STATUTES § 9.05 (3rd ed.).

In the present case the trial court charged the jury in applying the law to the facts of the case, in pertinent part:

> Therefore, even if you believe from the evidence beyond a reasonable doubt that the respondent, D.____ L.____, Jr. did . . .

attempt to cause the death of . . . Daniel Delgado . . ., but you further believe from the evidence, or you have a reasonable doubt thereof, that, at the time . . . the respondent reasonably believed [Delgado was using or attempting to use deadly force] . . . it was immediately necessary to protect himself . . ., . . . a reasonable person . . . would not have retreated, *but you further believe from the evidence that the respondent did recklessly injure an innocent third person, . . . you will find the respondent did engage in delinquent conduct as alleged in Paragraph VI or VIII.* (Emphasis added.)

Paragraph VIII is the application paragraph of the aggravated assault offense against the baby. The trial court declared a mistrial as to this paragraph and it became moot. Consequently, had that been the only paragraph alluded to in the erroneous charge, I believe the error would be harmless. However, paragraph VI is the injury to a child application paragraph; the jury found the juvenile guilty of that offense. The error becomes obvious. The charge should have told the jury to find, instead, that self-defense was unavailable as a defense to respondent in the offenses as alleged in these two paragraphs. Of course, for this limitation to apply, a jury must make a finding of reckless action first. And, a jury must further be given the opportunity to express its reasonable doubt and find the limitation does not apply to restrict the right of self-defense in a given situation.

The charge as given would create an offense by applying part of § 9.05 in conjunction with proscribed conduct. This would authorize conviction for conduct that does not constitute a criminal offense. *See, Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979). I would hold this is fundamental error.

In reference to another argument by appellant, I believe had the trial court defined reckless conduct and given a jury charge on the lesser included offense of reckless injury to a child, this would have been proper, for the evidence would have supported that

charge. Tex.Penal Code Ann. § 22.04(a) (Supp.1982–83). Assuming that the limiting charge on self-defense had been correct, and the jury agreed this was reckless action, all instructions would have been harmonized.

The case should be reversed.