

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00623-CR

Matthew **SERNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 16-05-0186-CRA
Honorable Russell Wilson, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: April 29, 2020

AFFIRMED

Matthew Serna was convicted by a jury of murder and aggravated assault. On appeal, Serna contends the trial court erred in denying his request for an instruction on the justification of necessity in the aggravated assault portion of the jury charge. In addition, Serna contends the trial court erred in excluding evidence that the murder victim previously was convicted of robbery. We affirm the trial court's judgment.

**BACKGROUND**

Serna and his brother were driving in a car allegedly seeking to confront Lawrence Cole and John Paul Garcia about a stolen cooler. Cole was driving Garcia's truck with Garcia's girlfriend, Selena Ramon, seated in the rear passenger seat. After the two vehicles pulled into a business parking lot, a confrontation ensued during which Cole and Ramon were shot by Serna and Serna was shot by Cole. Cole died at the scene.

Serna was charged with the murder of Cole and with aggravated assault for the injuries to Ramon. The jury charge included instructions on self-defense and defense of a third person in relation to the murder charge. The jury convicted Serna of both offenses. Serna appeals.

**NECESSITY**

In his first issue, Serna contends the trial court erred in denying his request for an instruction on necessity in the aggravated assault portion of the jury charge. Although the jury charge allowed the jury to convict Serna of aggravated assault if he acted intentionally, knowingly or recklessly, Serna's brief narrows the issue, asserting he was entitled to the instruction on necessity because he admitted to committing the offense of "reckless aggravated assault." Specifically, Serna's brief asserts Serna's testimony at trial "raised the issue that he may have committed the assault by reckless behavior." Serna's brief further argues, "The court was put on notice that the necessity defense was being used to refute the reckless mental state."

"Our first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id*.

Section 9.22 of the Texas Penal Code contains the elements that must be shown for conduct to be justified by necessity. TEX. PENAL CODE ANN. § 9.22. However, section 9.05 of the Code entitled "Reckless Injury of Innocent Third Person" provides:

> Even though an actor is justified under this chapter in threatening or using force or deadly force against another, if in doing so he also recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

*Id*. § 9.22; *see also In re D.L.*, 656 S.W.2d 181, 183 (Tex. App.—San Antonio 1983, no writ) (Butts, J., concurring) (noting instruction under section 9.05 "is a codified limiting charge" to a self-defense charge and "tells the jury that the justification which the defendant may have for his acts against A may not carry over to exonerate the defendant for his reckless acts against the innocent third party B"). In this case, the evidence is undisputed that Ramon was an innocent third person during the confrontation between Serna, his brother, Cole, and Garcia.[1] Accordingly, the trial court did not err in denying Serna's request for an instruction on necessity in the aggravated assault portion of the jury charge.

Serna's first issue is overruled.

### EVIDENCE OF COLE'S ROBBERY CONVICTION

In his second issue, Serna contends the trial court erred in excluding evidence that Cole was previously convicted of robbery. Serna's brief argues that "in a homicide case, when the issue of self-defense is raised, evidence of prior specific acts of violent conduct are admissible, whether or not they are known by the Defendant. Once a defendant raised the issue that the deceased is the first aggressor through some form of evidence the specific violent acts are to be admitted." We disagree.

---

[1] In supplemental briefing, the parties addressed the Texas Court of Criminal Appeals decision in *Jordan v. State*, 593 S.W.3d 340 (Tex. Crim. App. 2020). The *Jordan* court's decision, however, is readily distinguishable from the instant case. In *Jordan*, the issue was whether the appellant was entitled to a multiple assailants instruction, not a necessity instruction. 593 S.W.3d at 342–43. Furthermore, the facts in Jordan are very different from the facts in the instant case where the record contains no evidence that Ramon was in any way encouraging, aiding, or advising Cole. *See id.* at 344–45 (setting forth facts in *Jordan*). Ramon testified she was shot as she was moving to help Garcia after he was jumped by Serna and his brother. In his interview, Serna only mentions Ramon after being asked about her, and then stated he recalled seeing her get out of the back passenger seat of the truck at approximately the same time Cole shot him.

As the Texas Court of Criminal Appeals has explained, evidence concerning a victim's character for violence or aggression is admissible under the following two separate theories when a defendant is charged with an assaultive offense:

> First, the defendant may offer reputation or opinion testimony or evidence of specific prior acts of violence by the victim to show the "reasonableness of defendant's claim of apprehension of danger" from the victim. This is called "communicated character" because the defendant is aware of the victim's violent tendencies and perceives a danger posed by the victim, regardless of whether the danger is real or not. . . . .
>
> Second, a defendant may offer evidence of the victim's character trait for violence to demonstrate that the victim was, in fact, the first aggressor. Rule 404(a)(2) is directly applicable to this theory and this use is called "uncommunicated character" evidence because it does not matter if the defendant was aware of the victim's violent character. The chain of logic is as follows: a witness testifies that the victim made an aggressive move against the defendant; another witness then testifies about the victim's character for violence, but he may do so *only* through reputation and opinion testimony under Rule 405(a).

*Ex parte Miller*, 330 S.W.3d 610, 618–19 (Tex. Crim. App. 2009) (emphasis in original). Accordingly, under these two theories, evidence of specific prior acts of violence by the victim are admissible only if they are known to the defendant. Here, Serna's brief does not assert Cole's robbery conviction was known to Serna. Instead, he strenuously argues such knowledge was not required.

"An entirely separate rationale supports the admission of evidence of the victim's prior specific acts of violence when offered for a non-character purpose—such as his specific intent, motive for an attack on the defendant, or hostility—in the particular case." *Id.* at 620. Serna's brief "does not suggest that this theory of admissibility might apply to evidence concerning" Cole's robbery conviction. *Id.*

Serna's second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH